### D. E. Bowe *vs.* Minnesota Milk Company.

#### November 14, 1890.

**Answer—New Matter—Former Recovery.**—The defence of a former recovery is "new matter," and should be pleaded; but *held* in this case to have been litigated by consent, although not set up in the answer.

**Entire Contract—Total Breach—Single Action for Entire Damage.**— The defendant contracted to purchase and receive of plaintiff all the milk produced by his cows from November 1, 1887, to November 1, 1888, and to furnish daily all the cans necessary to transport it from plaintiff's farm to St. Paul. In January, 1888, the defendant corporation was, upon petition of its stockholders, dissolved by order of court, after which date it neither did nor attempted to do any business. In August, 1888, plaintiff brought an action against defendant for damages for breach of the contract, the breach alleged being the failure to furnish cans for and receive all the milk during the months of April, May, and June, 1888; and in January, 1889, recovered judgment on the merits. In April, 1889, the plaintiff brought a second action for damages for a similar breach of the same contract during the months of July, August, and September. *Held* that, the contract being an entire one, although by its terms to continue for a year, and the breach being total, because of defendant's disability to perform by reason of its dissolution, a single right of action immediately accrued to plaintiff to recover all his damages, present and prospective, for the loss of his contract, and the recovery in the first action was a bar to the second.

**Former Judgment as Evidence.**—The judgment in the first action would be conclusive evidence in the second of the contract, as alleged, but not of the existence of the corporation after January, 1888, as the latter fact was not involved in or essential to plaintiff's right to recover.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr*, J., presiding, refusing a new trial after verdict of $141.25 for plaintiff.

*Romans & Orr*, for appellant.

*A. E. Bowe*, for respondent.

MITCHELL, J.    The defendant's main contention in the court below was, and his sole contention here is, that this action was barred by a former recovery.   The defence of a bar by a former judgment, being in the nature of a confession and avoidance, is "new matter," within the meaning of the Code, and must be specially pleaded.   No such defence was set up in the answer, but the record shows that both parties tried the cause, and allowed it to be submitted to the jury, upon the theory that this was an issue in the case; and, in accordance with our repeated decisions, they must be deemed to have consented to the trial of the issue, and are bound by the result the same as if it had been within the pleadings.

This action, commenced in April, 1889, was for damages for the breach of contract.   The contract declared on was that about November 1, 1887, the defendant agreed to purchase of plaintiff all the milk which his cows might produce for the year commencing November 1, 1887, and ending November 1, 1888, and to furnish him daily the necessary cans in which to ship the milk from his farm to St. Paul, defendant's place of business.   The breach charged was the failure and refusal of the defendant to furnish cans for a part of the milk during the months of July, August, and September, 1889, by reason of which the milk was left on plaintiff's hands, to his damage.   It appeared on the trial that in August, 1888, the plaintiff had brought a former action against defendant for damages for the breach of this same contract, the breach alleged being the failure and refusal of the defendant to furnish cans for and receive all the milk during the months of April, May, and June, 1888; that, upon the trial of that action, plaintiff recovered judgment on the merits for $180 damages, January, 1889.   The answers of defendant were substantially the same in both actions, to wit, a denial of the execution of the contract, and an allegation of the dissolution of the corporation January 28, 1888, by order of court, and that since that date it had

not done or attempted to do any business. Upon the trial of the present action, it appeared by the undisputed evidence that the defendant was, upon the petition of its stockholders, and after due notice, duly dissolved by order or decree of court on January 28, 1888, pursuant to the provisions of Gen. St. 1878, c. 34, § 415; also that since that date it had not in fact done or attempted to do any business. By its voluntary dissolution, the corporation became as entirely extinct, except for the purposes enumerated in section 416 of chapter 34, as if it had never existed. It had thereafter no power whatever to perform its contract with plaintiff, either in whole or in part. Having thus wholly disabled itself from performing, the breach of the contract was total; and, the contract being entire, although one that was by its terms to continue for a year, the plaintiff could immediately upon the dissolution have brought an action to recover his whole damages, present and prospective, for the loss of his contract. *Ennis* v. *Buckeye Publishing Co., supra,* p. 105. And the general rule is that if a party can, or is entitled to, recover his whole damages, present and prospective, either for a tort or for breach of a contract, the first recovery will be a bar to any future action for the same cause. The defendant cannot be vexed in a subsequent action. It can make no difference that the plaintiff in his first action framed his complaint upon the false or mistaken assumption that the defendant corporation was still in existence at the time of the alleged breach of the contract, and that the breach was only partial. Neither is it important that he may not have known that the corporation had been dissolved. The plaintiff contracted with reference to the happening of such events. Parties are presumed to understand that a corporation, as well as a natural person, may die. We are therefore of opinion that the judgment in the first action was a bar to any recovery in the second, and for that reason the verdict was not justified by the evidence.

Upon the motion for a new trial, the learned trial judge seems to have been of the impression that, upon the evidence admitted, this might have been so except for the supposed conclusiveness of the former judgment as to certain facts. He expresses the opinion that

that judgment was "conclusive of the fact of the existence of the corporation when this action was brought, and that the contract declared on there and here had been partly performed by defendant during the time mentioned in said action, and that said contract was then in full force," and for that reason he thought that the evidence offered by defendant to prove the dissolution of the corporation in January, 1888, was improperly admitted. We think that in this the learned court was in error. The judgment in the first action was undoubtedly conclusive evidence of the fact of the execution of the contract declared on, and of a breach of it. But the questions whether the corporation was still in existence, or the contract still in force, in the months of April, May, and June, 1888, or at any later date, were not in issue, and not necessary to a decision of the case, and hence the judgment is not as to these facts *res adjudicata.* At common law, dissolution implied that the corporation had wholly ceased to exist for any purpose, so that suits brought by or against it abated, and a judgment thereafter rendered against it was a nullity; that its title to its property ceased to exist, and all legal remedies to enforce debts due by or to it became extinguished. The equity rule, however, was that, while the corporation had ceased to exist, yet that its property was impressed with a trust in favor of creditors and stockholders as beneficiaries, whose interests equity would protect by appointing a trustee, if necessary, to execute the trust. To obviate the inconvenient consequences ensuing at common law, and even to a certain extent in equity, from the dissolution of corporations, our statute, (Gen. St. 1878, *c.* 34, § 416,) in common with those of most states, provides that, after the dissolution of a corporation, it shall continue to be a body corporate during a term of years, for the purpose of prosecuting or defending actions by or against it, and for the purpose of enabling it to settle and close up its concerns, etc., but not for the purpose of carrying on the business for which it was established. Under this statute undoubtedly plaintiff could bring and maintain an action against the defendant, notwithstanding its previous dissolution, for a breach of its contract, (*Blake* v. *Portsmouth & Concord Co.*, 39 N. H. 435 ; *Tuscaloosa Ass'n* v. *Green*, 48 Ala. 346;) for, while the corporation had been dissolved, and its ability to per-

form had ceased, yet the obligation of the contract continued, and, the breach of it being total by reason of the defendant's disability to perform, the plaintiff, as already stated, had his right of action for his entire damages, present and prospective, to wit, the value of his contract. The continued existence of the corporation was therefore not involved in the first action or necessary to plaintiff's recovery therein, and hence the judgment is not *res adjudicata* as to that fact. And it is not any the more so because plaintiff may have so framed his complaint as to recover only for a partial breach of the contract. When the defendant, by its dissolution, wholly disabled itself from performing its contract, the breach was total, and the plaintiff had only one indivisible cause of action for his whole damages. The recovery in the former action is therefore a bar to this one.

Order reversed.