A. S. HODGE, Appellant, v. AUSTIN F. SHAW, *et al.*, Appellees.

1. **Easement:** OBSTRUCTION: DAMAGES: RES ADJUDICATA. The plaintiff having purchased a town lot of one S., with a right of way over a lot adjoining him on the north for alley purposes, and enjoyed such way for a number of years, a grantee of S., under a subsequent conveyance, commenced the erection of a permanent building upon said adjoining lot, and across said way, thereby cutting off all access to the plaintiff's alley across said lot. Whereupon the plaintiff commenced an action against S., praying that said building might be abated as a nuisance, that S. be required to establish a new way to the plaintiff's alley across the land of S. to the west of plaintiff's lot, and that he have judgment for the damages sustained. The court found generally for the plaintiff, and rendered judgment against S. for two hundred dollars and costs, which judgment was paid, and thereafter the plaintiff for a number of years enjoyed free access to the rear of his lot over the land of S. on the west. The heirs of S. having commenced the erection of a building in the rear of the plaintiff's lot, thereby cutting off all access to that end of the lot by means of the way secured to the plaintiff as a result of the former action, the plaintiff commenced this action to enjoin said heirs from interfering with said right of way, and praying judgment for damages. *Held*, that the judgment formerly obtained was a bar to the present action.

2. ———: ———: ———: ———. The plaintiff having in the former
action recovered damages based upon a total breach of the contract
with S. for a right of way, *held*, that there could be no recovery of
damages in this case upon the ground that the damage is a continu-
ing one, for which successive actions might be brought.

*Appeal from Jackson District Court.*—HON. A. HOWAT,
Judge.

SATURDAY, MAY 14, 1892.

ACTION in equity to enjoin the defendants from
interfering with the plaintiff's right in a certain alley,
and with his use of the same. Answer in denial of the
plaintiff's right, and pleading a former adjudication.
Judgment was rendered dismissing the plaintiff's peti-
tion, and he appeals.—*Affirmed.*

*Hayes & Schuyler* and *B. F. Thomas*, for appellant.

*Charles M. Dunbar*, for appellees.

KINNE, J.—The evidence in this case discloses the
following facts: Sophia Shaw, the ancestor of the
appellees, on April 17, 1873, conveyed to the plaintiff
a lot twenty-three feet front by eighty feet deep in the
city of Maquoketa. At the same time, she entered into
a written agreement with the plaintiff, granting him
the free use for the purpose of a private alley, of a strip
of land seven feet in width from east to west by twenty-
three feet in length from north to south, and lying
west of and adjoining the lot sold him; said land to be
used in connection with five feet of his own lot. This
alley extended, as it appears, over Mrs. Shaw's land,
in the rear of the other lots, onto Pleasant street. The
plaintiff used the alley without interference or dispute
until 1881, when Sophia Shaw sold to C. M. Sanborn
the corner lot, and he erected a permanent building
thereon, entirely shutting up the end of said alley on

the street; thereby preventing passage through it from the plaintiff's place to Pleasant street.

In June, 1881, the plaintiff brought suit against Sophia Shaw, and in his petition set out the purchase of the lot; the granting of the alley furnishing passage way to Pleasant street; averring the performance of all the conditions agreed to by him in said written contract granting said alley; averring the sale by Sophia Shaw to Sanborn of a part of said alley, extending north from Pleasant street to the north line of the premises owned and occupied by Sanborn; that Sanborn had begun the erection of a brick dwelling thereon, had shut up said alley, thereby cutting the plaintiff off from all means of passing from Pleasant street or any other public street to the rear of his premises except by passing over adjacent land of Mrs. Shaw; and that she, by her said acts, had rendered the grant of the alley made to him useless. The petition also averred that the plaintiff had suffered great loss and damage in depreciation of the actual and rental value of his premises. He prayed that Sanborn's building might be abated as a nuisance, or that Mrs. Shaw might be ordered by the court to fix and establish for the plaintiff's use a new, suitable, and sufficient way or means of access across her adjoining land from Pleasant street to the west or rear end of his premises, and demanded judgment for two thousand dollars damages. Some other allegations were made, which, in view of the evidence in this case, need not be stated. The defendant Sophia Shaw answered the petition, admitting the plaintiff's purchase of his lot, and the execution of the deed therefor; also admitting the execution of the written agreement, the making deed to Sanborn, and his erection of a building; averring that the plaintiff had forfeited his rights under the grant of the alley by failing to perform certain conditions, not necessary to be stated here. The plaintiff filed a reply

in substance denying the allegations in Mrs. Shaw's answer. The cause was tried to the court on April 6, 1882. The finding was generally for the plaintiff, and a judgment was rendered against the defendant for two hundred dollars and costs, which judgment was never appealed from, and was paid by Mrs. Shaw. Sanborn was not made a party to this action.

In 1887, Mrs. Shaw died intestate, and the defendants are her children and heirs-at-law. Austin F. Shaw died during the pendency of the present suit, and the other defendants, prior to his death, acquired his interest in the real estate in controversy. In 1889, the defendants, being the owners of the land lying west of Sanborn, the plaintiff, and others, laid out a public alley sixteen feet wide, running to the rear of the plaintiff's lot, but with a strip of land thirty-three feet wide, between this new alley and the private alley granted to plaintiff. Thus this new alley left about thirty-three feet of ground back of the plaintiff's lot and the adjoining lots, and lying between the new and old alleys. The portion of this strip of thirty-three feet lying in the rear of other lot owners was sold by the defendants to such lot owners, thereby extending their lots back to the new alley, they paying therefor from thirty-five dollars to fifty-five dollars each, but a much larger sum was asked the plaintiff.

The defendants began preparations to erect a building on the thirty-three feet in the rear of the plaintiff's building, and between it and the new alley, and on September 4, 1889, the plaintiff began this suit, alleging the agreement of Mrs. Shaw to give him the private alley; the location and situation of his property with relation to the old alley and the adjacent streets; the representations of Mrs. Shaw, made to him at the time he purchased his lot, that she had laid out and dedicated an alley in the rear of all the lots adjacent to him, and reaching to Pleasant street; the written

grant of the alley; the bringing of the former suit, and
its result; that he had had since said suit, and up to 1889,
free access to the rear of his lot from Pleasant street
over Sophia Shaw's land; setting out the laying out of
the sixteen foot alley before mentioned; that the
defendants asked an exorbitant price for the strip of
land back of his building to the sixteen-foot alley; that
they proposed to erect a building on said piece of
ground in the rear of his lot, which would work him
great injury; and demanding that it be determined
that the plaintiff has an alley right in the sixteen-foot
alley, with free access to the same over land between
his lot and said alley; praying for a temporary injunc-
tion restraining the defendants from interfering with
said right, and for other relief; also asking one
thousand dollars damages for the interference with his
alley rights.   The defendants admitted the purchase of
the lot from Sophia Shaw; the written agreement
granting an alley; the bringing of the suit in 1881;
that they had laid out the sixteen-foot alley and sold
ground as alleged; that they intended to erect a
building as claimed; and denied all other allegations
of the petition.   The defendants pleaded the former
suit of 1881 as a prior adjudication; also, the statute
of limitations.   The plaintiff, replying, admits that the
pleadings and record attached to the answer are correct,
but denies that they have the force and effect claimed
by the defendants.   In an amendment, the plaintiff
claims that the action begun in 1881 resulted in his
favor, and that the defendants are estopped thereby,
as well as by the original agreement, from denying or
abridging the use or exercise of the plaintiff's rights.
The defendants deny the allegations of the amend-
ment.   The court dismissed the plaintiff's bill, and he
appeals.

I.   The question for our determination is, were
the matters pleaded in this action by the plaintiff

adjudicated in the suit brought by him

**1. EASEMENT:**
**obstruction:** against Mrs. Shaw in 1881? In the case
**damages:**
**res-adjudi-** at bar, it appears that there was a total
**cata.**
breach of the contract. It was so treated
by the plaintiff in the former action. He therein
prayed that Sanborn's building, which closed up the
alley, might be abated as a nuisance, or that the
defendant, by an order made by the court, should be
compelled to open, fix, and establish a new and suffi-
cient way or means of access across her adjoining land
to the rear end of his premises; and also prayed for
damages. In the present action, he asks the court to
determine that he has an alley right in the sixteen-foot
alley, which lies thirty-three feet away from him, and
wants the defendants enjoined from interfering with
his access to it by building thereon, and claims
damages. The plaintiff's present claim, if he has any,
is based upon the original agreement for an alley imme-
diately in the rear of his building. That right was
litigated in the former action. He recovered damages
thereon, and he cannot be heard to relitigate his right
to a new way over the defendant's land. That was
one of the things in issue in the former action. In
that action, also, he expressly pleaded, not only
damage to the rental value of his building, but the
depreciation in the actual value of his premises. The
plaintiff is in this action asking damages, and also a
way across the defendants' land to the new alley. The
court on the former trial found generally for him. He
then asked for a convenient way over the defendants'
land, and his prayer was not granted. It is said in *Hahn*
*v. Miller*, 68 Iowa, 748: "The same evidence which
would establish his right of recovery in this action
would also have established his claim in the former
case, and the most infallible test as to whether a
former judgment is a bar is to inquire whether the
same evidence will maintain both the present and the

former action." See, also, *Stodghill v. C. B. & Q. Railway Co.*, 53 Iowa, 341; *Goodenow v. Litchfield*, 59 Iowa, 226; *Bettys v. C. M. & St. P. Railway Co.*, 43 Iowa, 602. It cannot be doubted that the action in 1881 was, in law, between the same parties, and in relation to substantially the same subject-matter. The former judgment not only concludes the parties as to the matters actually in issue and decided therein, but also as to all matters which they might have litigated. This is too well settled to need a citation of authorities. *Stodghill v. C. B. & Q. Railway Co.*, 53 Iowa 346, and cases cited. And it is held that "where the parties are the same, the legal effect of the former judgment as a bar is not impaired because the subject-matter of the second suit is different, provided the second suit involves the same title, and depends upon the same question." *Doty v. Brown*, 4 N. Y. 71; *Burt v. Sternburgh*, 4 Cowan 559; *Aurora v. West*, 7 Wall. 82. The fact that the court in the former action found generally for the plaintiff, but only gave him a judgment for damages, was, in effect, an adjudication that he was entitled to no other relief. Freeman on Judgments, section 272; *Thompson v. McKay*, 41 Cal. 221; *Goodenow v. Litchfield*, 59 Iowa, 226. These matters which were or might have been pleaded in the former action must be now treated as adjudicated.

II. It is contended that this is a case where the damages are continuing, and that successive suits may be brought; that the plaintiff's rights are based upon contract, and hence the rule as to original damages does not apply. The rule referred to is thus stated: "Whenever the nuisance is of such character that its continuance is necessarily an injury, and where it is of a permanent character, that will continue without change from any cause but human labor, then the damage is an original damage, and may be at once fully compen-

sated." *Town of Troy v. Railway Co.*, 3 Frost. (N. H.) 83; *Powers v. City of Council Bluffs*, 45 Iowa, 652, and cases cited. The reason of the rule is that the cause of the damage is permanent in character; that, unless interfered with by the hand of man, it will continue indefinitely,—and hence damages, whether past or prospective, can be estimated, and in such cases successive actions cannot be brought. Applying this rule to the facts in this case, we find that at the time the plaintiff instituted his former action the alley in the rear of his building, at the point where it reached the street, was totally obstructed by a permanent brick building then in course of erection; that the plaintiff alleged in his petition that said obstruction rendered the alley "impassable for any purpose." There was then an entire breach of the contract, for which the plaintiff might have recovered damages, whether past or prospective. We cannot accede to the doctrine that the rule as to original damages is confined to cases of trespass or torts. *Bowe v. Milk Co.*, 44 Minn. 460. Not only was there in fact a total breach of the contract at the time the plaintiff began his former action, but the plaintiff so treated it. He asked that Sanborn's building, which closed the alley, might be abated as a nuisance, or that the plaintiff should, by an order of court, have a new and sufficient way or means of access across Mrs. Shaw's adjoining lands to reach the rear end of his building; and also asked damages. In view of the fact that he did not make Sanborn a party, and that he did not appeal from the former judgment, we may well assume he considered the contract at an end, so far as securing to him the free use of the alley was concerned, and sought for damages for the breach of the contract.

Our view of the case renders it unnecessary to discuss other questions raised. The decree of the district court is AFFIRMED.