CHARLES G. LAYBOURN *vs.* JOSEPH H. SEYMOUR *et al.*

Argued by respondent, submitted on brief by appellant, April 11, 1893. Decided April 27, 1893.

## Set-Off in Action by Assignee in Insolvency.

Defendants were indebted to a corporation on account. They also held the express contract obligation of the corporation to deliver a certain amount, in value, of manufactured goods. No demand having been made for the goods, the corporation, being insolvent, made a general assignment to the plaintiff for the benefit of its creditors. In an action by the assignee to recover of the defendants on the account, *held,* that the latter might set off their demand against the insolvent.

**Damages for Breach of Contract—Set-Off in Such Case.**

By the assignment, the corporation having disabled itself to deliver the goods, the alternative right of the defendants to recover the specified sum in money at once accrued; and this was a subject of set-off under the statute.

**Same—In Equity Independent of Statute.**

By reason of the insolvency it was a proper subject of set-off in equity, independent of the statute.

Appeal by defendants, Joseph H. Seymour and Frank B. Hart, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made January 11, 1892, denying their motion for a new trial.

In June, 1891, the Flour City Sash & Door Company, a corporation, sold and delivered to defendants sash, doors and goods of like character, to the value of $401, on which they paid $170. On April 23, 1891, the corporation, for a valuable consideration, agreed with J. A. Fagan to deliver to him on demand sash, doors, blinds and mouldings to the value of $375, and soon thereafter delivered thereon such goods to the value of $150. Thereafter, on May 1, 1891, Fagan sold and transferred the agreement to Miller & Allen, and on the same day Miller & Allen sold and transferred the agreement to the defendants, and the corporation was notified of the transfers. On July 21, 1891, the corporation made an assignment of all of its nonexempt property to the plaintiff, Charles G. Laybourn, in trust for its creditors, under Laws 1881, ch. 148. He brought this action to recover the balance of account, $231. Defendants answered admitting the indebtedness, but pleaded, as a counterclaim, the balance of $225 due them on the Fagan agreement. The trial court refused the set-off, and ordered judgment for plaintiff, for the $231 with interest and costs. Defendants moved for a new trial, for error in such refusal, and being denied, they appeal.

*Willis A. McDowell*, for appellants.

The debtor of an insolvent, is entitled to have his debt set off against the amount due from him to the insolvent; if the debt owing by him is due at the date of the assignment. *Fry* v. *Boyd*, 3 Gratt. 73; Burrill, Assignments, (5th Ed.) p. 617; Waterman, Set-Off, § 402.

When the corporation placed itself in a position where it could not comply with a demand for the goods, a demand was unnecessary, and the obligation was changed into one payable in money at once. *Brooks* v. *Jewell,* 14 Vt. 470; *Clarke* v. *Crandall,* 27 Barb. 73; *Beede* v. *Proehl,* 34 Minn. 497; *Smith* v. *Jordan,* 13 Minn. 264, (Gil. 246;) *Morey* v. *Enke,* 5 Minn. 392, (Gil. 316.)

As no time or place is fixed in the contract for the delivery of the articles, the debtor must, in reasonable time, offer to deliver them. *Roberts* v. *Beatty,* 2 Pen. & W. 71; *Bixby* v. *Whitney,* 5 Greenl. 192; *Rice* v. *Churchill,* 2 Denio, 145; *Lobdell* v. *Hopkins,* 5 Cowen, 516.

By the assignment, the corporation became unable to deliver the merchandise specified in the agreement; all its property, by that act, passed to the plaintiff. It ceased to be in trade, and the agreement was converted into a money demand. The only remaining question is, whether a claim not due until the assignment, can be set off against a claim due and owing the assignor. The question has been answered by this court in the affirmative, in *Martin* v. *Pillsbury,* 23 Minn. 175.

*Charles G. Laybourn, pro se.*

The only question in the case is, can this order or agreement be treated as an offset or counterclaim against the claim of the plaintiff in the hands of the assignee? Had the demand been made for the goods prior to the assignment, and refused by the insolvent, there would have existed a claim for damages liquidated and determined by the amount of the order; but, in view of the fact that no demand had been made prior to the assignment, the defendants had no liquidated or other claim for damages, and a claim for unliquidated damages cannot be set off. *Cumings* v. *Morris,* 3 Bosw. 560; *McCracken* v. *Elder,* 34 Pa. St. 239; *Schropshire* v. *Conrad,* 2 Met. (Ky.) 143; *Bodman* v. *Harris,* 20 Texas, 31.

No opportunity seems to have been offered the insolvent to deliver goods upon this order prior to the assignment, and certainly no cause of action then existed in favor of the defendants against the insolvent.

DICKINSON, J. At the time of the assignment by the insolvent corporation of all its property to this plaintiff for the benefit of its

creditors the defendants were indebted to the corporation for goods sold to them. This is an action to recover the amount of that indebtedness. The defendants assert the right to set off a claim against the corporation which arose as follows: The corporation by its treasurer and managing agent had made an order, directed to the corporation, to deliver to one Fagan sash, doors, blinds, and mouldings to the amount of $375. This was not signed, but across the face of it the corporation, by its proper agent, wrote its acceptance, with the further words, "Note received in settlement of open account." By assignment this afterwards passed from Fagan to these defendants, who now seek to avail themselves of it by way of set-off. At the time the corporation made its assignment under the insolvent law, this acceptance, as it may be called for convenience, had not been fully satisfied by a delivery of goods to the amount specified, nor had there been any demand for the delivery of the full amount of goods.

The unsigned order thus "accepted" by the corporation constituted an express agreement on its part to deliver goods as therein specified; but that was the extent of its obligation in the first instance. While the conditions remained as they were when it was issued, the corporation could not be called upon to pay the specified amount in money, nor could the "acceptance" have been available as a set-off, under the statute, against a debt due to the corporation, of the nature of that for which this action is prosecuted; but the making of the assignment under the insolvent law changed the situation and the legal rights of the holder of this instrument. The corporation thereby disabled itself from performing the specific obligation expressed in its written undertaking, and hence subjected itself at once to the alternative liability to answer in damages as for breach of contract. The law does not require the doing of a useless thing, and, the corporation having thus disabled itself to specifically perform its agreement, a demand was not necessary to convert the right to demand the goods into a right to compensation in money. The situation of defendants is the same as it would have been if, before the assignment in insolvency, they had demanded the goods, and the corporation, from inability to comply with the demand or from other cause, had refused to deliver the same.

Such being the case, this demand was allowable as a set-off by the terms of the statute, which, "in an action arising on contract," allows, as a counterclaim or set-off, "any other cause of action, arising also on contract, and existing at the commencement of the action." 1878 G. S. ch. 66, § 97.

But by reason of the insolvency of the corporation such a set-off is allowable in equity, even though the case be not within the statute. The equitable right of set-off, or "*stoppage,*" as it was formerly called, was not derived from, nor is it dependent upon, statutes,—Waterman, Set-Off, § 398; *Rothschild* v. *Mack*, 115 N. Y. 1, 8, (21 N. E. Rep. 726;) *Becker* v. *Northway*, 44 Minn. 61, (46 N. W. Rep. 210;) *Freeman* v. *Lomas*, 9 Hare, 109, 113,—although its exercise is limited to cases involving some distinct equity, independent of the mere existence of mutual but unconnected accounts or demands. The insolvency of the party against whose demand the other party claims the right of set-off has been recognized as affording a sufficient reason for allowing the set-off in equity, at least where the debt sought to be set off is already mature. *Martin* v. *Pillsbury*, 23 Minn. 175; *Hunt* v. *Conrad*, 47 Minn. 557, (50 N. W. Rep. 614;) *Lindsay* v. *Jackson*, 2 Paige, 581; *Richards* v. *La Tourette*, 119 N. Y. 54, (23 N. E. Rep. 531;) *Pond* v. *Smith*, 4 Conn. 297; *Colt* v. *Brown*, 12 Gray, 233; *American Bank* v. *Wall*, 56 Me. 167; *Tuscumbia, C. & D. R. Co.* v. *Rhodes*, 8 Ala. 206; *Krause* v. *Beitel*, 3 Rawle, 199; *Chenault* v. *Bush*, 84 Ky. 528, (2 S. W. Rep. 160;) *Richardson* v. *Parker*, 2 Swan, 529. Even if it be, as was considered in the late case of *Fera* v. *Wickham*, 135 N. Y. 223, (31 N. E. Rep. 1028,) that, in the case of an insolvent who has assigned his property for the benefit of creditors, a set-off will not be allowed of debts to the insolvent not due at the time of the assignment, that would not defeat the right of set-off in this case. The debt here sought to be set off became a money demand, presently due, at the very instant when the assignment was made.

Our conclusion is that the defendants were entitled to have their demand set off against that of the plaintiff, and the order denying a new trial must be reversed.

VANDERBURGH, J., did not take part in this case.

(Opinion published 54 N. W. Rep. 941.)