ROBERT C. KALKHOFF and Another v. B. F. NELSON, Receiver.[1]

February 14, 1895.

No. 9079.

**Corporation—Dissolution under G. S. 1894, §§ 3430-3435—Lease—Action for Breach.**

A corporation entered into a lease with the appellants, and thereby agreed to pay to them a stipulated annual rent. in monthly instalments, for the use of the premises therein described, for the term of 10 years. Before the expiration of the term the corporation was dissolved, under the provisions of G. S. 1894, §§ 3430-3435, inclusive, and a receiver appointed, who declined to accept the benefits and burdens of the lease, and abandoned possession of the premises. *Held*, that by the dissolution the corporation was disabled from further performing the obligations of the lease on its part, and the breach of its contract to pay rent for the unexpired term of the lease became total and final, and thereupon a cause of action immediately accrued to the appellants for the recovery of all damages, present and prospective, which they sustained by the loss of their contract.

[1] Reported in 62 N. W. 332.

**Same—Damages—Proof of Claim.**

> *Held*, that the appellants are entitled to prove their claim for such damages against the receiver, and share ratably in the distribution of the assets of the corporation.

Action against B. F. Nelson, as receiver of James H. Bishop and Company. The facts are stated in the opinion. The parties to the action consenting, W. E. Hale, Esq., was appointed referee to try the issues of fact and law and report a judgment thereon. At the trial an objection to the introduction by plaintiff of testimony was sustained, and the referee granted a motion by defendant to dismiss the action, for the reason that the complaint did not state facts sufficient to constitute a cause of action, and that the claim of plaintiffs was contingent, unliquidated, and not provable as a debt against the assets of the corporation. From an order of the district court for Hennepin county, Russell, J., denying the motion of plaintiffs for a new trial, they appealed. Reversed.

*J. B. Atwater*, for appellants.

In the case of an executory agreement containing continuing mutual obligations, where one party voluntarily disables himself from further performing it, or commits a total breach of it, the injured party may sue at once for the entire damage during the whole period caused by the loss of the contract. Bowe v. Minnesota Milk Co., 44 Minn. 460, 47 N. W. 151; Ennis v. Buckeye Pub. Co., 44 Minn. 105, 46 N. W. 314; Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862; Gates v. National Building, Loan & Protective Union, 46 Minn. 419, 49 N. W. 232; Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756; Morrison v. Lovejoy, 6 Minn. 224 (319); Synge v. Synge, 9 R. 265; Schlieder v. Dielman, 44 La. An. 462, 10 South. 943; Sullivan v. McMillan, 26 Fla. 543, 8 South. 450; Spader v. Mural etc., Decoration Co., 47 N. J. Eq. 18, 20 Atl. 378; Smith v. Goodman, 149 Ill. 75, 36 N. E. 621; Alsup v. Banks, 68 Miss. 664, 9 South. 895; Taylor v. Bradley, 39 N. Y. 129; Howard v. Daly, 61 N. Y. 362; Masterton v. Mayor, 7 Hill, 61; Parker v. Russell, 133 Mass. 74. The dissolution of the corporation was a total and final breach of the agreement to pay the stipulated rent during the term of the lease. Laybourn v. Seymour, 53 Minn. 105, 54 N. W. 941; Carr v. Hamilton, 129 U. S. 252, 9 Sup. Ct. 295; Ex parte Pollard, 2 Low.

411, Fed. Cas. No. 11,252. As regards the point here involved, no distinction can be made between the agreement in a lease to pay rent in the future, and any other executory contract containing mutually dependent promises. 3 Sedg. Dam. § 984. Even if the receiver be considered to stand in the position of ·an assignee, the .obligation of the original lessee to pay the stipulated rent still survives the assignment. Oswald v. Fratenburgh, 36 Minn. 270, 31 N. W. 173; Deane v. Caldwell, 127 Mass. 242; Sanders v. Sharp, 153 . Pa. St. 555, 25 Atl. 524; Wineman v. Phillips, 93 Mich. 223, 53 N. W. 168; Bonetti v. Treat, 91 Cal. 223, 27 Pac. 612.

*Penney, Welch & Hayne,* for respondent.

START, C. J. The material facts, as admitted by the pleadings, are as follows: James H.Bishop & Company was on May 1, 1891, and ever since has been, a corporation organized under the laws of this state. On that day it and the appellants duly made and delivered each to the other a lease of the premises described in the complaint in this action, then and now owned by the appellants, whereby they leased the premises to the corporation for the term of 10 years, for the reserved rent of $6,000 for each year, payable $500 monthly in advance, on the first day of each and every month, which rent the corporation covenanted so to pay to them, and to surrender up the premises at the end of the term in good repair. It went into possession of the premises under the lease, and paid the monthly instalments of rent up to and including January 1, 1894, but the $500 rent due and payable February 1, 1894, has never been paid. On February 7, 1894, upon the petition of stockholders, the corporation, which was then insolvent, was dissolved by the district court of Hennepin county, and the respondent appointed receiver, pursuant to the provisions of G. S. 1878, c. 34, tit. 8 (G. S. 1894, §§ 3391–3436). The receiver occupied the premises from this date until June 5, 1894, for the purpose of taking possession and disposing of the merchandise of the corporation in the building thereon, when .he vacated the premises, and attempted to surrender them to the appellants, who deny that they accepted the attempted surrender, and claim that they notified the receiver that they would not do so, but, if he insisted on abandoning them, they

would rent them for the best prices obtainable, at the risk of the lessee. The appellants presented to the receiver for his allowance claims (1) for damages sustained by reason of the breach of the covenant of the lessee to pay rent at the stipulated rate for the full term of the lease; (2) for damages for the breach of the covenant to keep the premises in repair; (3) for the $500 rent due February 1, 1894. All of these claims were disallowed, and the appellants appealed to the district court, where issues were formed by proper pleadings, cause tried, and ordered dismissed. From an order denying appellants' motion for a new trial they appealed to this court.

It is urged by respondent that all of the claims of the appellants are unliquidated, uncertain, and contingent, and for this reason cannot be allowed by the receiver, or paid from the assets of the corporation. The claim for rent which became due February 1 is neither unliquidated nor uncertain, for the corporation owed the appellants $500 on that day. It was and is a debt, within the strictest meaning of the term, and should have been allowed by the court, less any part thereof which the receiver may be required to pay as a part of the expenses of settling the estate. The receiver, however, occupied the premises only from February 7, so that, in any event, the appellants would be entitled to judgment for the rent for one-fifth of a month, or for $1.00. It was error, therefore, to dismiss the action, for which error the order appealed from must be reversed.

The main contention, however, of the parties hereto is with reference to the appellants' claim for damages, growing out of the abandonment of the lease by the corporation and the receiver. This involves two questions: (1) Have the appellants a legal claim against the corporation for such damages? (2) If so, are they entitled to prove such claim, and receive thereon their pro rata share of the assets of the corporation?

1. The obligation of the corporation to pay the annual rent for 10 years was an executory agreement, and within the rule that when one party to an executory contract refuses to comply with its obligations on his part, or disables himself from further performance, the other party to the contract has an immediate cause of action for a total breach thereof. Now, the corporation, by its vol-

untary dissolution, disabled itself from ever performing the obligations of the covenant in the lease to pay the stipulated rent; and, the receiver having declined to accept the benefits of the lease, abandoned it as an asset of the corporation, and vacated the demised premises, the breach of the contract to pay rent for the unexpired term became total and final. Thereupon a cause of action immediately accrued to the appellants for the recovery of their damages, present and prospective, for the loss of their contract. Bowe v. Minnesota Milk Co., 44 Minn. 460, 47 N. W. 151; Laybourn v. Seymour, 53 Minn. 105, 54 N. W. 941; Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862. The case of Wilder v. Peabody, 37 Minn. 248, 33 N. W. 852, is not in conflict with the views here expressed, for it was an action for rent, not for damages for a total breach of an executory contract to pay rent for a term of years in future instalments. It was also an action against an assignee, under the insolvency law of 1881, of a firm of individuals, who had not incapacitated themselves from ever performing the obligations of the contract to pay the stipulated rent. They continued liable for the rent notwithstanding the insolvency proceedings; but in the case at bar the corporation has, by its voluntary dissolution, practically committed suicide, and when its estate is administered it ceases to exist. Therefore, if the corporation cannot be held liable for a total breach of its executory contracts, the law has armed it, and all other domestic corporations, with the power to repudiate all the obligations of their executory contracts, by simply instituting proceedings by its stockholders for a voluntary dissolution. It is clear that the corporation must be held liable in damages for this total breach of its executory contract to pay the rent reserved in the lease for the full term. It is true, the damages are unliquidated, and that it cannot be shown with absolute certainty that the appellants, except for the breach of the contract by the corporation, would have completely executed the contract on their part, so as to become entitled to its full benefits; but the same difficulties are presented in a greater or less degree in all actions for the recovery of damages for the breach of executory contracts. Any difficulties, real or supposed, in ascertaining the damages in this case, cannot defeat the action.

2. Are the appellants entitled to prove their claim against the receiver, and share in the distribution of the assets of the corporation? The discussion of this question can be greatly simplified by an analysis of the provisions of the statute under which the proceedings to dissolve the corporation were instituted. G. S. 1894, §§ 3430–3435, inclusive. Section 3430 authorizes the dissolution of a corporation on the petition of stockholders alone (creditors cannot institute the proceedings). It is wholly immaterial whether the corporation is or is not solvent, for it is not an insolvency law, and the provisions of the insolvency law of 1881 have no application to proceedings under this statute. The manifest purpose of the law is to enable stockholders to surrender the corporate franchise, and as effectually end the corporation as if it had never existed. But before there can be a distribution of its assets to stockholders its contract obligations and pecuniary liabilities to others must be satisfied. To secure this result section 3431 continues the corporation for three years, but not for the purpose of continuing the business for which it was established. For the purpose of preventing the corporation from appropriating its assets for any purpose except the discharge of its pecuniary obligations to others, section 3432 authorizes the court to appoint a receiver to take charge of its estate, collect its debts and property, with power to prosecute or defend actions in its name. Section 3433 vests jurisdiction in the court in equity of the petition for the dissolution of the corporation, and of all questions arising thereon, and authorizes it to make all orders or judgments therein as justice and equity require. After the appointment of a receiver, the assets and affairs of the corporation are in the custody and control of the court; and under the direction of the court the receiver is to marshal the assets and pay all debts of the corporation, if the funds in his hands are sufficient therefor, and, if not, then to distribute the same ratably among the creditors who prove their debts in the manner directed by the court. If, however, after the payment of debts, there remains any balance of assets, it is to be distributed to the stockholders. G. S. 1894, §§ 3434, 3435. Now, from this analysis it is clear that the statute under which the receiver was appointed in this case is radically different from the insolvency law of 1881.

The primary purpose of the latter is, not to end forever the capacity of the insolvent debtor to engage in any future business, but to apply his assets to the satisfaction of the claims of his creditors, leaving him free to resume business, and acquire other assets, and leaving those persons whose claims are not provable against his estate free to pursue against him and his after-acquired property all the remedies provided by law for the enforcement of legal rights, In re People's Live-Stock Ins. Co., 56 Minn. 180, 57 N. W. 468. But under the statute providing for the voluntary dissolution of corporations, exactly the reverse of all this is true. Therefore all discussions of what claims may or may not be proved against the estate of an insolvent under bankrupt and insolvency laws, and all decisions of courts in cases arising under such laws, are not relevant to this case. The construction of this statute must be the same whether the corporation is solvent or insolvent, and any construction which would permit the distribution of the assets of a solvent corporation to its stockholders without full payment of all its legal liabilities including damages for breaches of its executory contracts, must be rejected, unless its words and manifest meaning forbid it. There is no difficulty in construing this statute so as to protect the rights of all parties having legal claims against the corporation for the payment of damages, whether liquidated or unliquidated, and so as to prevent the stockholders of a corporation from dissolving it, and appropriating its assets, without payment of any portion of such claims. When the entire provisions of the statute are read together, and the distinction between it and insolvency laws, under which the legal life of the insolvent is not extinguished by the proceedings against him, is kept in mind, it is manifest that the words "debts" and "creditors" are not used therein in their restricted and technical sense, but in their general and popular meaning. As those words are used in this statute, a creditor is he who has the right to require the fulfillment of a legal obligation or contract, and a debt any legal claim for money. Atwater v. Manchester Savings Bank, 45 Minn. 341, 48 N. W. 187; Spader v. Mural Decoration Co., 47 N. J. Eq. 18, 20 Atl. 378. Our conclusion is that, if the appellants can establish the allegations of their complaint, they have a cause of action against the corporation, and a right to prove their claims and share in the distribution of

its assets. The statute does not provide how claims shall be proven in voluntary proceedings to dissolve a corporation, except by committing the procedure to the court, which is authorized to make such orders as justice may require, and direct the manner in which debts shall be proved. G. S. 1894, §§ 3433, 3434. This gives the court control of the proceeding, and authority to employ all usual power and process of courts in similar cases to accomplish the purpose of the proceeding, but not to enlarge such purposes beyond what the statute indicates. In re People's Live-Stock Ins. Co., supra. The record does not disclose what, if any, order was made by the court below in regard to the manner in which claims should be proven to entitle the holders thereof to share in the assets of the corporation. Whether it would be correct practice for the court to direct that in all cases claims must be proven in accordance with the practice under our insolvency laws, or require a party whose claim was for unliquidated damages to first establish it in an action at law against the corporation (which action the receiver might defend,—G. S. 1894, § 3432), and then, as a judgment creditor, share in the assets of the corporation, we do not decide, for the parties to this appeal have followed without objection the procedure in cases arising under the insolvency laws. Such being the case, this action should proceed to a final conclusion in accordance with the procedure selected by the parties; and, if the appellants establish any portion of their claims in this action, they will be entitled to share ratably in the assets of the corporation.

Order reversed, and a new trial granted.