PHILIP J. MEIGHAN v. SAM COHEN.[1]

December 19, 1924.

No. 24,365.

**Defendant allowed to offset money due to bankrupt against latter's note.**
    The defendant was the owner of an overdue note of the bankrupt and another person. In a connected transaction a sum of money was paid to him to be paid to the bankrupt if a stock of goods then sold by the bankrupt should prove to be unencumbered. It was unencumbered, the sale was completed, and the bankrupt became entitled to the money. *Held* that the defendant was entitled to offset the note against the money.

Action in the municipal court of Minneapolis to recover $425.29. The case was tried before Reed, J., who ordered judgment in favor of plaintiff for the amount demanded. From the judgment, defendant appealed. Reversed.

*J. E. Brill, S. P. Halpern* and *L. B. Schwartz,* for appellant.
*Carl C. Meixner,* for respondent.

[1]Reported in 201 N. W. 431.

DIBELL, J.

Action by the plaintiff, as trustee in bankruptcy of one Guttman, against the defendant, Sam Cohen, to recover $425.29 received by him under circumstances hereinafter stated, and claimed by him as an offset against an indebtedness owing him from Guttman. There was judgment for the plaintiff from which the defendant appeals.

The facts are stipulated. Prior to February 18, 1921, one Rubin purchased of defendant Cohen a grocery store, and was indebted to him in the sum of $500 secured by a real estate mortgage. On the day stated Rubin sold the stock to Guttman, the bankrupt, and one Dickerman, who agreed to pay Cohen the $500 mortgage. Guttman gave a check for $500, dated February 21, 1921, payable to Rubin; it was indorsed to the defendant, and the mortgage was satisfied. Cohen presented the check to the bank and for want of funds it was not paid. On February 24, 1921, Guttman and Dickerman gave Cohen their note for $500 due in 9 months, but if the store was sold sooner the note was to be paid when the transaction was completed. We hear no more of the activities of Dickerman in the transaction. On June 17, 1922, Guttman sold the grocery store to one Baitch. As a part of this transaction Baitch left with the defendant Cohen $425.29, the subject matter of this controversy, to be paid to Guttman if the stock was clear of indebtedness. There was no indebtedness. Baitch became the owner of the grocery store and Guttman of the money in the defendant's hands.

On July 10, 1922, Cohen brought suit against Guttman and Dickerman on the $500 note. It was subsequently dismissed. Some time in July, the date not definitely fixed, Cohen assumed to apply the $425.29 on the note. On January 5, 1923, Guttman was adjudged a voluntary bankrupt and the plaintiff was appointed his trustee.

On these simple facts the question is whether Cohen can retain the $425.29, offsetting against it his overdue $500 note. The right of offset is clear, probably at law, in any event in equity. G. S. 1923, §§ 9166, 9233, 9254; G. S. 1913, §§ 7675, 7756, 7757; Dunnell, Minn. Dig. and 1916 and 1921 Supp. §§ 7598-7624, and cases cited; 24 R. C. L. 792, et seq. The note and the deposit were in a sense parts

of one transaction. The note was overdue. The defendant, it seems, could have counterclaimed if sued by Guttman, even if sued in conversion. Wickstrom v. Swanson, 107 Minn. 482, 120 N. W. 1090. The intervention of a trustee in place of Guttman does not affect the right of set-off. St. Paul & M. T. Co. v. Leck, 57 Minn. 87, 58 N. W. 826, 47 Am. St. 576. No preference was gained. Section 68 of the bankrupt act recognizes the right of setoff. 9 U. S. Comp. St. § 9652; 2 Collier, Bankry. (1923), pp. 1602-1619; 4 Remington, Bankry. § 1451, et seq.

It is not of importance that Cohen brought suit on the note of Guttman and Dickerman. Whether the application by Cohen of the $425.29 on the note was effective we do not consider.

Upon the going down of the remittitur the court will so amend its conclusions of law as to direct judgment that the plaintiff take nothing and judgment will be entered accordingly.

Judgment reversed.