## CHIPPEWA COUNTY STATE BANK, BY A. J. VEIGEL v. SUMNER L. MOYER.[1]

March 18, 1927.

No. 25,934.

**Debtor to insolvent bank has right to set off his actually due claim against bank.**

1. When a bank goes into liquidation a debtor of the bank, who has a then due claim against the bank, has a right of legal set-off.

**Unaffected by cited sections of statute.**

2. The right of legal set-off is not affected by G. S. 1923, §§ 7688-7689, referring to claims against the bank after possession is taken for the purpose of liquidation, the right of the examiner to reject claims, and suits thereon.

Banks and Banking, 7 C. J. p. 745 n. 8 New.

See note in 25 A. L. R. 938; 3 R. C. L. 529; 1 R. C. L. Supp. 845; 4 R. C. L. Supp. 194; 5 R. C. L. Supp. 178.

Plaintiff appealed from an order of the district court for Chippewa county, Baker, J., denying its motion for a new trial. Affirmed.

C. D. Bensel, for appellant.

A. E. Kief, for respondent.

DIBELL, J.

Action to recover on a promissory note made by the defendant to the plaintiff Chippewa County State Bank. The defendant interposed an offset for an amount less than the amount due on the note. The action was tried to the court and there was a finding for the plaintiff for the difference between the amount due on the note and the amount of the offset. The plaintiff appeals from the order denying its motion for a new trial.

1. On December 3, 1923, the defendant made a note to the plaintiff bank for $2,591.85, due on June 3, 1924. On May 29, 1924, the

[1]Reported in 212 N. W. 895.

bank was taken over by the plaintiff Veigel, commissioner of banks, and is in liquidation. The note had at this time been reduced to about $1,400. The amended complaint is dated October 20, 1925. We infer that suit on the note had been brought by the bank before, and that when it went into liquidation the amendment was made, and that the commissioner joined with the plaintiff in maintaining the suit. The defendant interposed a set-off, which the court on sufficient evidence found valid, for rent due from the bank to the defendant, leaving a balance of $860.51 due, for which the court ordered judgment. The rent was due at the time the bank went into liquidation on May 29, 1924. The only question is whether the rent was a proper offset to the note.

This is not a doubtful question. The defendant claims an equitable set-off. His rent, which he proposed offsetting against the note, was overdue. He had a legal set-off. G. S. 1923, § 9166; Meighan v. Cohen, 161 Minn. 302, 201 N. W. 431; Laybourn v. Seymour, 53 Minn. 105, 54 N. W. 941, 39 Am. St. 579. If the rent had not been due when the bank went into liquidation, the right of equitable set-off might be discussed. St. Paul & M. T. Co. v. Leck, 57 Minn. 87, 58 N. W. 826, 47 Am. St. 576; Laybourn v. Seymour, 53 Minn. 105, 54 N. W. 941, 39 Am. St. 579; Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L. R. A. (N. S.) 811, 134 Am. St. 788.

2. The claim is made that no right of offset exists after the bank is in liquidation. It is based on G. S. 1923, § 7688, which provides that immediately upon taking possession the examiner shall give notice to all banks or individuals holding or having in possession assets of the bank, and thereafter there shall be no lien or charge against the assets of the bank for any payment, advance or clearance thereafter made, or liability thereafter incurred; and § 7689, which gives the examiner authority to reject a claim, and which provides that if so rejected suit may be brought upon it by the creditor. Neither section affects the creditor's right of legal set-off.

Order affirmed.