## WATER, LIGHT & GAS CO. v. CITY OF HUTCHINSON.

(Circuit Court of Appeals, Eighth Circuit.   March 9, 1908.)

### No. 2,675.

1. ELECTION OF REMEDIES—INCONSISTENCY OF ALTERNATE REMEDIES.

Where plaintiff sued a city on an express contract for lighting and was defeated, such suit did not constitute an election of remedies precluding plaintiff from thereafter maintaining a suit on a quantum meruit for the reasonable value of the service rendered, such remedies not being inconsistent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Election of Remedies, §§ 12–15.]

2. JUDGMENT—RES JUDICATA—NATURE OF ACTION.

Where plaintiff was defeated in a suit on an express contract for lighting on the ground that the contract had not been substantially performed, the judgment rendered in such suit was not res judicata against plaintiff's right to maintain a subsequent suit on a quantum meruit under the rule that when judgment goes for the defendant in an action on an express contract on the ground that the contract had not been performed, such judgment is not a bar to a second action to recover the reasonable value of the same service.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1089, 1090, 1234–1241.]

3. SAME—REMEDY CHOSEN BY MISTAKE.

The fact that a party through mistake attempts to exercise a right to which he is not entitled or has made choice of a supposed remedy which never existed, and pursued it until the court adjudged that it never existed, does not preclude him from afterwards pursuing a remedy for relief, to which in law and good conscience he is entitled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1089, 1090, 1234–1241.]

4. JUDGMENT—ESTOPPEL—DIFFERENT DEMAND.

A judgment in a former cause will not operate as an estoppel in an action on a different claim or demand unless the matters actually litigated and determined are the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1234–1247.]

In Error to the Circuit Court of the United States for the District of Kansas.

Frank Doster and H. S. Lewis, for plaintiff in error.

C. M. Williams and A. C. Malloy ( F. F. Prigg, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. Broadly stated, the question for decision on this record is whether or not, under the facts pleaded, a suit founded upon an express written contract for electric lights furnished by the plaintiff in error to the defendant city, and judgment for the defendant, is a bar to a subsequent quantum meruit action for the value of the service so rendered by the plaintiff and enjoyed by the defendant. As judgment was directed in favor of the defendant on the pleadings, we must look to them for the facts. The petition, in substance, alleges that the plaintiff furnished electric lights for the defendant on its streets at its special instance and request, from the month of July, 1903, to the month of November, 1905, inclusive; that the reasonable value of the light service so furnished was $262.04 per month, aggregating the sum of $7,423.81, with interest on each of the monthly bills rendered, the itemized account of which was attached to the bill. The answer, after denying that the plaintiff furnished said light at the special instance and request of the defendant, and alleging that such service was voluntary on the part of plaintiff against the objection of defendant, pleaded in bar of the action that on the 14th day of July, 1904, the plaintiff, in the United States Circuit Court for the District of Kansas, instituted against it an action to obtain judgment for the electric light service aforesaid, as also for moneys alleged to be due the plaintiff for hydrant rental in said city, and that in said action the plaintiff recovered judgment for the sum of $8,301.77, which it pleads as an adjudication of the controversy in question. The defendant filed with the answer the record, pleadings, proceedings, etc., in said original suit as a part of the answer, to which reference is made, from which it appears that the first 12 counts of the original petition were based upon the written contract between the plaintiff's assignor and the defendant city for electric lights furnished to the defendant, covering the same monthly items sued for in the present action. Other counts in the original petition were for extra lighting service alleged to have been furnished by the plaintiff to the defendant. The other counts of the petition were for water furnished by the plaintiff's assignor to the city under written contract, amounting to $7,540, for which judgment was prayed, with interest. It seems from the verdict returned therein that the jury found the issues for the plaintiff on the counts for hydrant rental alone. As to the extra lighting service sued for, the court directed a verdict for the defendant, on the ground that no evidence was adduced in support thereof. The charge of the court to the jury in said first action, which is presented as a part of the defendant's answer, explicitly required that to warrant a verdict for the plaintiff on account of the electric lights furnished, they must find that the light was substantially in accordance with the terms and agreements of the contract sued on; but if the jury should "fail to find by the greater weight of all the credible testimony in this case that the plaintiff has substantially kept and performed its contract with the defendant city in regard to the lighting of said city, then and in that event your verdict will be for the defendant on this branch of the case." The reply to the answer in the present action, after admitting the institution of the former suit on the counts for electric light furnished alleged that:

"Said plaintiff avers that, as to said electric light service, its demand for payment therefor was made wholly on a claim of express contract liability to it on the part of said defendant, and in nowise on a claim for the reasonable value of the light service furnished by it, as by it now alleged; said plaintiff further avers that on the trial of said action it is only proved by said defendant, and found by the jury, and adjudged by the court, that said defendant was not under any express contract liability to plaintiff to pay for said electric light service, but it was not in the pleadings in said cause in anywise alleged, nor by the plaintiff proved, nor by the jury found, nor by the court adjudged, that said defendant was not obligated to pay said plaintiff for the reasonable value of the electric light service furnished by said plaintiff to said defendant during the period of time alleged in the pleadings in said cause, and alleged in the plaintiff's petition herein."

In other respects the reply tendered the general issue as to the new matter pleaded in the answer.

While not contending that the plaintiff had not the right in the first instance to a quantum meruit action, the position of defendant's counsel is that the plaintiff was entitled to pursue only one remedy, and having made its election to sue upon the express contract and lost, it is barred from thereafter resorting to the action quantum meruit. Judged by their argument, their position divides itself into two aspects, election of remedy and res adjudicata. It is true that where a man has a right to choose one of two modes of redress which are so inconsistent that the assertion of one involves the negation or repudiation of the other, his choice of the one, with knowledge of such facts as would authorize a resort to either, will preclude him from going back and electing again, as a litigant may not assume contradictory positions. This is illustrated by the principle applied in Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52, where an attorney, without the knowledge of his principal, fraudulently consented to a judgment and obtained the proceeds of the sale under execution thereon. After knowledge of the facts the client appeared in an action in the state court and set up claim to the proceeds, founded upon the proceedings under the judgment and execution. It was held that he was estopped from proceeding in equity to set aside the sale on the ground that the attorney had no authority to appear for him. He was estopped, because he ratified the act by undertaking to obtain the proceeds. So in Thompson v. Howard, 31 Mich. 309, 312, where a father brought an action of assumpsit for a minor son's wages, and after the jury disagreed he discontinued suit, and brought an action for enticing away and harboring his son. It was held that his attitude was double and inconsistent. In the case where a contract was voidable for fraud, which the party wronged could affirm or rescind, he could not maintain an action for the sum due under the contract and, failing, then bring an action which repudiated the contract and proceed as upon a disaffirmance. "One is to recover damages in respect to the breach of the contract, the other can be maintained only by showing that there was no contract. * * * By bringing the first action, after knowledge of the fraud practiced, the plaintiff waived the right to disaffirm the contract, and the defendant may justly hold him to the election." Conrow v. Little, 115 N. Y. 387, 393, 394, 22 N. E. 346, 347, 5 L. R. A. 693.

So, it is said in Connihan v. Thompson, 111 Mass. 272:

"The defense of waiver by election arises where the remedies are inconsistent, as where one action is founded on an affirmance, and the other upon a disaffirmance of a voidable contract for the sale of property."

But such is not the case under review. It is familiar practice where A, under special contract, has done work for B, such as undertaking to build a house and the like, being apprehensive that he may not have come up to the full measure of the requirements of the contract, he may in a suit for the enforcement of the contract add a second count in quantum meruit. There is under the Code practice, extant in the state of Kansas, no legal incompatibility in counting separately on the two causes of action. He is entitled to so plead to meet the contingency of the proofs, so as to avoid the disaster of going out of court on failure to show full performance of the contract. Most certainly the court would not drive him to an election before hearing the evidence; and when at the close of the proofs there should be evidence sufficient to go to the jury on the two aspects of the case, it would be an abuse of discretion on the part of the court to deny the plaintiff the right to take the opinion of the jury on both issues, under proper direction that the plaintiff is not entitled to recover on both counts. Both causes of action are ex contractu, one resting upon promise of the parties, the other upon promise which the law implies. As each count would constitute a separate cause of action, we know of no established rule of procedure that would compel the plaintiff to embrace them in one action.

The case of Maeder v. Wexler (Sup.) 87 N. Y. Supp. 400, arising under the New York Code, which is closely followed in Kansas, is apposite; in which it was held that a judgment in favor of the defendant on a building contract, because of failure of proof of performance by the plaintiff, is not a bar to a subsequent action for the reasonable value of the work done and materials furnished. After adverting to the fact that in the action on the contract the plaintiff failed for the reason that the contract had not been performed substantially, the court said on the subsequent action for the recovery of the value of the work:

"This question was not determined, nor entertained even, the court deciding that the contract had not been sufficiently performed, but that as action was on the contract alleging performance there was nothing left to do but to dismiss the complaint as to that branch of the action without attempting to proceed and ascertain what was done, and what should be paid for. That action was on the contract, and, failing to prove performance, the plaintiff could not in the same action fall back on another theory and prove, for instance, an excuse for nonperformance and recovery on a quantum meruit. In the present form of action, however, we can discover no reason why it should not be at liberty to attempt to recover for the reasonable value of the work actually performed, and the materials actually furnished."

After adverting to the fact that the defendant urged in the former action that the plaintiff recovered for certain extra work outside of the contract which covered the work now sued for, the court said:

"We do not think that rule applies, or ought to apply in this case. The plaintiff attempted to combine all his demands arising out of the entire trans-

action in a single suit—those on the contract, as well as those for extra work. He has not sought to vex the defendant by separate actions, but the contrary. The fact that he failed to recover on a part of his claim on the theory first attempted ought not to debar him from trying again on any other ground that the law recognizes and permits. The institution by a party of a fruitless action which he has not the right to maintain will not preclude him from asserting the rights he really possesses."

The authorities abundantly support the proposition that, when judgment goes for the defendant in an action on express contract on the ground that the contract had not been completed by the plaintiff, "such judgment is not a bar to a second action to recover the reasonable value of the same services." Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. Rep. 247; Arthur Fritsch M. Co. v. Goodwin Mfg. Co., 100 Mo. App. 414, 74 S. W. 136; Henrietta Bank v. Barnett (Tex. Civ. App.) 25 S. W. 456; Kirkpatrick v. McElroy, 41 N. J. Eq. 539, 7 Atl. 647; Marsh v. Masterton, 101 N. Y. 401, 5 N. E. 59; Buddress v. Schafer, 12 Wash. 316, 41 Pac. 43; City of Davenport v. Allen (C. C.) 120 Fed. 172. The fact that a party through mistake attempts to exercise a right to which he is not entitled, or has made choice of a supposed remedy that never existed, and pursued it until the court adjudged that it never existed, should not and does not preclude him from afterwards pursuing a remedy for relief, to which in law and good conscience he is entitled. Wm. W. Bierce Lumber Co. v. Hutchins, 205 U. S. 340, 347, 27 Sup. Ct. 524, 51 L. Ed. 828; Barnsdall v. Waltemeyer, 142 Fed. 415, 73 C. C. A. 515; Fuller-Warren Co. v. Harter, 110 Wis. 80, 85 N. W. 698, 53 L. R. A. 603, 84 Am. St. Rep. 867; Rowell v. Smith, 123 Wis. 510, 102 N. W. 1.

In respect of the judgment in the former suit, constituting res adjudicata, the rules laid down in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, are apt and comprehensive:

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

After citing the case of Washington, Alexandria & Georgetown Steam Packet Company v. Sickles, 24 How. 333, 16 L. Ed. 650, which was a much stronger case for the defendant than the one at bar, the court said:

"It is not believed that there are any cases going to the extent that, because in the prior action a different question from that actually determined might have arisen and been litigated, therefore such possible question is to be considered as excluded from consideration in a second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions. On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause because it might have been determined in the first action."

It is the identity and the legal quality of the subject of the two actions, as well as the identity of parties, which create the estoppel. It

may not depend so much upon the identity of the thing sued for "but rather from the want of identity in the issues involved in the two actions." This is aptly illustrated by the case of Buttrick v. Holden, 8 Cush. (Mass.) 233. The action was for breach of contract to convey land. The defendant, inter alia, interposed the defense that theretofore the plaintiff brought bill in equity, based on the contract for a specific performance, in which the rights of the parties in the premises were tried out, and the bill was dismissed. It is true there were other parties to that suit, but Chief Justice Shaw hit the mark by saying:

"A judgment for the defendants in that suit does not tend to negative the defendant's breach of contract, on which this action at law is brought."

The rule as expressed by Bigelow on Estoppel, p. 75, is as follows:

"The peculiarity of the plea of former judgment consists in the fact that it shows that a certain claim or demand has already been tried and determined. To this end it must be shown that there is identity between the present, and the previous cause of action. The question then to be decided is whether the two causes of action are the same. If they are not identical the defense is not good."

In McCall v. Jones, 72 Ala. 371, the court said:

"The rule of res adjudicata or former recovery is confined to those causes where the parties to the two suits are the same, the identical point is directly in issue, and the judgment has been rendered in the first suit on that point."

In his work on Judgments (volume 1, § 259), Freeman says:

"The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence is found, it will make no difference that the form of the two actions is not the same. * * * Whatever be the form of the action, the issue is deemed the same whenever it may, in both actions be supported by substantially the same evidence. If so supported, a judgment in one action is conclusive upon the same issue in any other suit, though the cause of action is different. On the other hand, if different proofs are required to sustain two actions a judgment in one of them is no bar to the other. If the evidence in a second suit between the same parties is sufficient to entitle plaintiff to a recovery, his right cannot be defeated by showing any judgment against him in any action where the evidence in the present suit could not, if offered, have altered the result."

To the same effect is the text in 2 Black on Judgments, § 726. See, also, Taylor v. Castle, 42 Cal. 372.

In the former action between these parties, the special written contract declared on having been admitted by the answer, it was only necessary for the plaintiff to show a substantial compliance with its requirements respecting the lights, and the failure of the defendant to pay therefor. As the contract fixed the amount of recovery, no proof was necessary as to the value of the material and services rendered; and no such evidence would have been admissible under the pleadings. Whereas under the petition in the present action the plaintiff is required to go into the question as to the character of the material, the extent of the services rendered, the reasonable value thereof, and the enjoyment of the lights by the defendant. The only office the special contract might perform in this action would be to limit the amount of recovery.

The case of Franklin v. Matoa Gold Mining Co., recently decided by this court (C. C. A.) 158 Fed. 941, presents an apt illustration of the rule of law in question. The action was predicated of a verbal contract for the delivery of certain bonds of the company for professional services rendered. The plea interposed by the defendant was that the contract was not in writing, and was, therefore, within the statute of frauds. This defense was sustained. But it was held that the plaintiff was entitled to maintain action quantum meruit. No question could successfully arise in such second action that the former judgment was res adjudicata. Notwithstanding the lights furnished by this plaintiff may not have been such as the contract called for, it would offend the common sense of justice that the city should use and enjoy what was furnished without paying the reasonable value thereof, not exceeding the contract price.

If there be any uncertainty as to whether the recovery had by the plaintiff in the former suit embraced the items of the account sued on in the present action, resort may be had both to the record and extrinsic evidence, "showing the precise point involved and determined." Russell v. Place, 94 U. S. 606, 24 L. Ed. 214.

It results that the judgment of the Circuit Court must be reversed, and the cause remanded, with directions to grant a new trial.