UNITED STATES v. NALDRETT et al.

(District Court, W. D. Michigan, N. D.   July 22, 1914.)

JUDGMENT (§ 585*)—CONCLUSIVENESS—RES JUDICATA—ISSUES.

Complainant sued to set aside certain patents and a timber deed for fraud, and to have certain conveyances to H. set aside on the ground that he took with notice of the invalidity of the title of his grantors. Complainant was successful in vacating the patents and timber deed, but was unsuccessful as to the conveyances to H., which were declared an equitable mortgage taken in good faith and entitled to protection. Thereafter complainant brought a new suit to procure the discharge of the mortgage lien by compelling the grantors of H. to pay the debt or by a foreclosure of the mortgage and sale of the land. *Held*, that the second suit was based on a different cause of action or claim from that set up in the first, and hence the judgment therein was not res judicata, but operated only as an estoppel between the parties as to points actually litigated and determined and was not conclusive as to other matters which might have been, but were not, litigated nor decided.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. § 585.*]

In Equity.   Suit by the United States of America against Charles S. Naldrett and others.   Decree for complainant.

E. J. Bowman, U. S. Dist. Atty., of Greenville, Mich.
John A. Brown, of Chicago, Ill., for defendant Hewitt.
Edwin H. Lyon, of St. Johns, Mich., for defendant Montigel.

SESSIONS, District Judge.   The chief defense in this suit, and the only one requiring consideration, is the claim urged by counsel for defendant Montigel that the decrees in the former suits between these parties are res judicata of the issues here presented.   In this respect reliance is placed upon the familiar and settled rule of estoppel by judgment or decree that, when a second suit is upon the same cause of action and between the same parties as a former one, the judgment or decree in the first is conclusive in the second as to every question which was or might have been presented and determined.   While it is conceded that the questions here presented were not litigated and the relief here sought was neither prayed for nor granted in the former suits, counsel earnestly insist that such questions and also complainant's right to relief might have been there determined had complainant so desired, and therefore, under the rule above stated, the decrees in the former suits are a complete bar to the relief here sought.

The vice of this contention lies in the fact that the cause of action set forth and alleged in the present bill is not the same as, but is wholly different from, those involved in the earlier suits.   There, the sole purposes were to have the patents to Naldrett and Montigel and the timber deed from the latter to the former canceled and set aside, because they were fraudulently procured and made, and to have the conveyances to Hewitt canceled and set aside upon the ground that he took and received them with full notice of the invalidity of the title of his grantors and, consequently, was not a good-faith purchaser or mort-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gagee entitled to protection. Complainant was successful in having the patents and timber deed canceled for fraud in their procurement and making, but was unsuccessful as to the conveyances to Hewitt which were decreed to be an equitable mortgage taken in good faith and entitled to protection. The purposes and grounds of the present suit are entirely different. Here the validity and lien of Hewitt's mortgage are conceded and recognized. The relief sought is to procure the discharge of the lien of the mortgage by compelling, if possible, Naldrett and Montigel, by and through whose wicked and fraudulent conduct it was created, to pay the debt which it secures, or, if that is found to be impossible, by foreclosure of the mortgage and sale of the land.

The decision of this case, therefore, is governed and controlled by another well-settled rule that, when a second suit is upon a different cause of action or claim, but between the same parties as the first, the judgment in the former action operates as an estoppel in the latter as to every point and question which was actually litigated and determined in the first action; but it is not conclusive as to other matters which might have been, but were not, litigated or decided. Southern Pacific R. Co. v. United States, 186 Fed. 737, 742, 108 C. C. A. 607; Cromwell v. Sac County, 94 U. S. 351, 352, 24 L. Ed. 195; Nesbitt v. District, 144 U. S. 610, 618, 12 Sup. Ct. 746, 36 L. Ed. 562; Southern Pacific R. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; Virginia-Carolina Chemical Co. v. Kirven, 215 U. S. 252, 257, 30 Sup. Ct. 78, 54 L. Ed. 179; Northern Pacific R. Co. v. Slaght, 205 U. S. 122, 131, 27 Sup. Ct. 442, 51 L. Ed. 738; Millie Iron Mining Co. v. McKinney (C. C. A. 6) 172 Fed. 42, 48, 96 C. C. A. 156; Linton v. National Life Ins. Co., 104 Fed. 584, 587, 44 C. C. A. 54; Smith v. Smith (D. C.) 210 Fed. 947, 952; Lim Jew v. United States, 196 Fed. 736, 739, 116 C. C. A. 364; Water, Light and Gas Co. v. City of Hutchinson, 160 Fed. 41, 90 C. C. A. 547, 19 L. R. A. (N. S.) 219, and authorities there cited; Commissioners v. Platt, 79 Fed. 567, 571, 25 C. C. A. 87; Commissioners v. Sutliff, 97 Fed. 270, 274, 38 C. C. A. 167; Louisville & N. R. Co. v. Railroad Commission (D. C.) 205 Fed. 800, 804; T. B. Wood's Sons Co. v. Valley Iron Works (D. C.) 198 Fed. 869, 870; Elk Garden Co. v. T. W. Thayer Co. (D. C.) 206 Fed. 212, 216, 217.

A decree will be entered in favor of complainant in accordance with the prayer of the bill, with costs to be taxed against defendants Naldrett and Montigel.