This is an action in mandamus wherein the relator asks this court to issue a writ commanding the Industrial Commission to grant him a rehearing. The cause was submitted to this court upon the petition of the relator, the answer of the respondent, the reply thereto, and copies of the transcript taken before the commission. This cause was heretofore before this court on a demurrer of the relator to the answer. The demurrer to the answer was overruled, 126 Ohio St. 554, 186 N.E. 396, and subsequently the reply was filed.
The relator's employer was a self-insurer. On January 18, 1929, relator suffered an injury which he alleges was occasioned while in the course of employment. On January 15, 1930, he filed an application for adjustment of his claim, wherein he stated that he and his employer having failed to reach an agreement regarding the compensation to be paid, they both desired the commission to make an investigation for the purpose of determining the amount of compensation due the employe. The application recited that the injury consisted of a "compound comminuted fracture of upper third of left tibia and fibula." The application also *Page 290 
recited that both parties agreed that, as a result of the injury to the left leg of the employe, partial disability resulted.
On April 12, 1930, the commission received in agreement designated an "Agreement as to Compensation for Permanent Disability." That agreement was signed by both parties, the employe and employer, and after reciting some of the foregoing facts, contained the following stipulation: "Amount will be paid in lump sum. It is agreed between the employe and employer that the payment of $470.00 will cover in full the disability resulting from the claimant's injury of Jan. 18, 1929." The relator was allowed compensation, and was paid the sum of $470 for permanent partial disability.
On April 3, 1931, the relator filed with the commission an application for modification of said award. This application recited that the claimant had suffered a serpiginous ulcer of the cornea of the left eye, and was then totally blind, with no vision except a light perception, and that this injury was permanent; and that he had also sustained a loss of vision in the right eye. On October 15, 1931, the commission dismissed the application for modification of the award, and later, on July 12, 1932, the application for rehearing was also dismissed.
The foregoing dates are important. It will be noted that the relator's application for adjustment of his claim was made on January 15, 1930, resulting in an investigation and an agreement for compensation which was signed by the parties and filed with the commission on April 12, 1930. The record discloses that the claimant must have had full knowledge of the injuries to his eyes in 1929, and before he filed his application for adjustment of compensation. This his petition concedes, for it states that on the first day of May, 1929, he developed eye soreness which on April 18, 1930, resulted in total blindness of his right eye and *Page 291 
an impairment of the vision of his left eye. Relator's counsel also concede in their brief that "approximately on the 1st day of May, 1929, about two or three months after the date of his injury, he became blind in one eye and the vision of the other eye was seriously affected." The same fact is found in the conclusion made later by an investigator's report, which states in substance that the vision of one eye was gone on May 4, 1929, and that on August 20, 1929, a corneal ulcer had developed in the other. Therefore it appears that when relator filed his application for adjustment of compensation in January, 1930, and signed the agreement for compensation on April 12, 1930, these injuries to his eyes must have been known to the claimant, and were no doubt taken into consideration when the parties filed with the commission their signed agreement "that the payment of $470.00 will cover in full the disability resulting from the claimant's injury of Jan. 18, 1929."
There is much force in the argument of the attorney general that, had the relator then advanced the claim that he now makes, the self-insurer might not have agreed to the compensation paid, but might have reserved the right to contest the entire claim upon a jurisdictional ground and to have such defense adjudicated.
In view of this holding, it becomes unnecessary for us to decide whether or not the two-year statute, Section 1465-72a, applies. The ruling now made is consistent with our action in overruling the demurrer of the relator to the second defense of the answer in the former hearing of this case. Not having established a clear right to the writ of mandamus, the writ is therefore denied.
Writ denied.
WEYGANDT, C.J., ALLEN, STEPHENSON, JONES, MATTHIAS, BEVIS and ZIMMERMAN, JJ., concur. *Page 292