Stephenson, J.
 

 The Industrial Commission complains briefly that the judgment of the Common Pleas court and that of the Court of Appeals should have been in its favor instead of Broskey’s and that there are other errors apparent on the face of the record.
 

 The only clear cut issue raised by the pleadings in this case is the jurisdiction of the trial court over the subject matter and the parties to the action.
 

 The Industrial Commission does make the following claim in its brief:
 

 “We contend that since this claimant filed a suit in the Common Pleas Court against the employer and by virtue thereof obtained several thousand dollars by way of settlement, he is now estopped from proceeding under the Workmen’s Compensation Law. Even if he had a right under the Workmen’s Compensation
 
 *381
 
 Law lie has made no attempt to repudiate his former choice or to restore the benefits which he obtained by his suit in common law. It is our contention that that suit was properly filed and it seems to us that, at least, he cannot travel down two roads — reap the benefits of two methods — one of which is in direct opposition to the other.”
 

 Issues not raised by the pleadings cannot be raised in briefs. This contention of the Industrial Commission is a good plea in estoppel — if it is pleaded.
 

 The election or selection of a forum is of little consequence only in so far as it affects the doctrine of estoppel. Unless Broskey’s recovery from his employer in an action at law took away his right to proceed against the Industrial Commission for compensation, and unless the law weaves the facts in this case into the woof of non-liability, then Broskey’s recovery from his employer amounts to just so much piffle, so far as this case is concerned, provided, of course, that Broskey under all the other attendant facts and circumstances is entitled to participate in the Workmen’s Compensation Fund.
 

 Leaving out of consideration the question as to the extra territorial jurisdiction of the Industrial Commission of Ohio and the interstate commerce phase of the case, can an employee, after having sued and recovered from an employer who was a contributor to the State Insurance Fund an amount satisfactory to him as damages for his injury on the theory that his case was not compensable, afterward be permitted to participate in the State Insurance Fund on account of the same identical injury?
 

 If such contention could be maintained, is it not time to remove the blindfold from the eyes of the goddess that lawyers worship, so that she can see what is the matter with her scales?
 

 Grant that Broskey’s case is compensable. He comes now to the Industrial Commission seeking a
 
 *382
 
 gift which the Industrial Commission has no power to bestow. Why a gift? Because he has been fully compensated by his employer for the same injury he is presenting to the Industrial Commission.
 

 Broskey’s employer does not owe him one farthing, nor the fractional part thereof, yet Broskey is asking to participate in the premium his employer pays into the State Insurance Fund.
 

 Broskey, in effect, claims that he recovered $6500 from his employer under a mistake of law, and now he seeks to cure that mistake of law by recovering from the Industrial Commission. Granting that there was a mistake of law, the employer must have been affected by it. The employer cannot recover back from Broskey the money it paid him under mistake of law. Such is the law of Ohio, regardless of what it may be in other jurisdictions.
 

 Counsel for claimant insist that the Industrial Commission in the Common Pleas Court waived any defense it might have had by reason of Broskey’s action against his employer.
 

 . We have examined the record with utmost care and fail to find such waiver therein. We do agree that the Industrial Commission presented this defense in a half-hearted way, as it evidently relied on the question of jurisdiction brought into the case by reason of the fact that Broskey was injured in the state of West Virginia while engaged in interstate commerce.
 

 We regard those claims as secondary when the record develops the fact that claimant is seeking to be compensated twice for the same injury because of his own mistake of law as he claims.
 

 It is not because of the fact that Broskey merely filed his suit against his employer because of a mistake of law that we deny him recovery against the Industrial Commission.
 

 We recognize and realize that the legislative sanction for the Workmen’s Compensation Law is con
 
 *383
 
 tained in Section 35, Article II, of the Constitution of Ohio, and we quote from that section, as follows:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries, or occupational disease.”
 

 We find no fault with the dictum quoted in
 
 Conrad, Admx.,
 
 v.
 
 Youghiogheny & Ohio Coal Co.,
 
 107 Ohio St., 387, page 395, 140 N. E., 482, 36 A. L. R., 1288, from the syllabus in
 
 Water, Light & Gas Co.
 
 v.
 
 Hutchison,
 
 160 Fed., 41, 90 C. C. A., 547, 19 L. R. A. (N. S.), 219:
 

 ‘ ‘ The fact that a party through mistake attempts to exercise a right to which he is not entitled or has made choice of a supposed remedy which never existed, and pursued it until the court adjudged that it never existed, does not preclude him from afterwards pursuing a remedy for relief, to which in law and good conscience he is eiititled.”
 

 Broskey should have everything to which “in law and good conscience he is entitled.” That is the proposition exactly. Broskey has it. He is now seeking that to which “in law and good conscience” he is not entitled. If Broskey discovered his error of law before settlement, he should have dismissed his action at his own cost in “good conscience”; and if he discovered it afterward, he should have returned to his em
 
 *384
 
 ployer “in good conscience” the snm of $6500, which his employer paid him by way of settlement, apparently in “good conscience.” If good conscience is a part of the criteria in an action at law, then both parties should follow it.
 

 We are not denying Broskey his right to recover in this action for pursuing the $6500, but for getting it.
 

 We feel that justice requires that we give to the Industrial Commission the benefit of the antithesis that sane reasoning must draw from Section 35, Article II, of the Constitution of Ohio, to the effect that an employee who in an action at law has recovered from his contributing employer substantial damages for personal injuries received by him while acting within the scope of his employment, cannot afterward recover compensation from the Industrial Commission of Ohio for the same injuries.
 

 Our Workmen’s Compensation Law is a product of both constitutional and statutory provision. The purpose of its enactment was to secure to employees accidentally injured in the course of their employment, compensation adequate to their injuries, and to secure it without delay. To this end the law is liberally construed in order that it may subserve the purposes of its enactment.
 

 Can this law be so stretched as to warrant any court in ordering the Industrial Commission of Ohio to pay to a claimant,- who admits that he has been paid by his employer
 
 satisfactory
 
 damages for his injury, compensation for the same injury?
 

 Is this question raised in this case, and if so, how? We think that a good plea in bar is made in this action, and that the release executed by Broskey to the Union Motor Transit Company and others, set out in the agreed statement of fact, is conclusive against Bros-key.
 

 In his petition Broskey pleads the fact that he sued
 
 *385
 
 his employer in Jefferson county and the following final entry was made in the case, to wit:
 

 “Case settled at costs of defendant; terms of settlement complied with; costs paid.”
 

 The Industrial Commission specifically admits these averments. These allegations and admissions were probably enough upon which to found an acquittance of the Industrial Commission. But we go further, to Broskey’s release, contained in the agreed statement of fact, wherein Broskey states in so many words that he knew that in signing the release he was setting up an effectual bar to any recovery at law for injuries therein referred to and that he was satisfied with the settlement.
 

 Suppose the employer in this case had been a self-insurer, could it not have set up the settlement and release made by Broskey as a bar to any future action for damages for the identical injuries? No one would contend for a moment but that the self-insuring employer could make such plea, and that if maintained it would be a complete bar to the action.
 

 The State Insurance Fund is not a gratuity. It was not created for the purpose of providing double compensation.
 

 The Industrial Commission is the administrator of the State Insurance Fund. It stands between the employer and the employee and is the handmaiden to both. Its primary duty is to see that each is accorded fair treatment by the. other. If an employee sues an employer who is a contributor to the State Insurance Fund, and such employer does not see fit to set up such fact and stand upon it as a bar to the action, and instead settles with the employee for a substantial amount satisfactory to the employee, then it becomes the duty of the Industrial Commission, if such employee subsequently sues it for compensation, to plead the fact that such employee has been compensated by his employer. The Industrial Commission owes it to
 
 *386
 
 such employer not to take any more of his money to pay an employee whom he has fully paid. The Industrial Commission owes it to all employers to see to it that they shall not be required to pay compensation twice, and it owes it to the employees to see to it that no employee shall be compensated twice, to the end that the fund will be able to respond to the demands of future claimants who have not been compensated by their employers for their injuries. When Broskey settled with his employer in this case, the employer went out of the picture, and the Industrial Commission, its handmaiden, went with it.
 

 Judgment of the Court of Appeals and Court of Common Pleas reversed, and final judgment rendered for plaintiff in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.