### HOHN v ADLER, Etc et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13895.   Decided Oct 8, 1934

Fred T. Robertson, for plaintiff in error.
Hartshorn, Thomas & Abele, Cleveland,
for defendants in error.

## OPINION

By LIEGHLEY, PJ.

The motion for judgment for defendants was granted by the trial court upon authority of §1465-94 GC. It was decided that the agreement to waive his rights by plaintiff barred this action by reason of the inhibition of this statute. §1465-94 GC reads as follows:

"Sec 1465-94 GC. Agreement to Waive Rights Void. No agreement by an employe to waive his rights to compensation under this Act shall be valid * * *.

"No agreement by an employe to pay any portion of the premium paid by his employer into the State Insurance Fund, shall be valid, and any employer who deducts any portion of such premium from the wages or salary of any employe entitled to the benefits of this Act, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than One Hundred Dollars for each such offense."

It was conceded in argument that this precise question has not been decided in this state; that no decision of any case involving these peculiar facts has been reported. Certain authorities have been cited by counsel representing the parties hereto. These authorities seem to present considerable conflict in respect to this question. Some of them may easily be distinguished from the case at bar by reason of the distinctive facts of the respective cases. Any attempt on my part to review or distinguish or reconcile these cases would not be helpful to anyone.

We prefer to base our conclusions upon the express provisions of the statutes herein referred to. For instance, it is contended on the one hand, and cases cited to support the contention, that the waiver referred to in the above quoted section applies only to a time prior to the date of injury. Several authorities were cited from other states applying a similar provision to both the time prior and the time subsequent to the date of injury.

It is our conclusion that the very language of the statute given a reasonable interpretation limits its application to the period prior to the date when a cause of action arose. Necessarily the second portion of the section which deals with the employee paying a portion of the premium relates to a time prior to the date of injury. We think the entire section does. This interpretation alone can be reconciled with and is not in conflict with the other sections of the Act, and particularly the ones referred to herein.

A sound public policy would condemn the taking or coercing the execution of such a waiver before the cause of action arose as well as taking or requiring an employee to pay part of the premium. To deny a citizen of the state the right to contract in reference to an existing claim or cause of action against a non-complying employer rests on doubtful authority.

However, suppose that we are in error in this regard, it must be remembered that in this case we are dealing with a non-complying employer. What we said above in respect to an employee waiving his rights has regard to the particular facts in this case wherein the employer has failed to comply.

On February 9, 1929, when the plaintiff sustained his injuries he had the statutory right to adopt either one of two remedies.

Sec 1465-74 GC provides that an injured employee of a non-complying employer may make application to the Commission for an award, and provision is made for entertaining such application by the Commission, and the machinery is created for making and enforcing the collection of any award made.

Or, under the provisions of §1465-73, GC, he had a right to bring an action in a court to recover damages, in which action and in which event the defendants were deprived of their common law defenses.

The right to settle a cause of action is necessarily incidental to and is necessarily included in the right to prosecute a cause of action in court to recover damages from an employer who has not complied. In this case the employee did not file an application with the Industrial Commission. He did not file an action in court to recover damages. Instead, the employer and em-

ployee, without resorting to either of the foregoing methods of adjustment and compensation, proceeded to enter into a contract of settlement of an existing right of action.

Under these circumstances it is our opinion and conclusion that the non-complying employer cannot invoke the provisions of §1465-94 GC to defeat this action of the employee for breach of contract.

Sec 1465-73 GC expressly provides that an employer who does not comply shall not be entitled to the benefits of the act during the period of such non-compliance. This language surely should preclude an employer from invoking a section of the Act, the provisions and requirements of which he ignored, to defeat an existing right of action of an employee, which arose from the breach of a contract to which he was a party, and which contract served as the instrument by which the employee was lulled into a feeling of security until the statutes of limitation had run to bar him forever from resorting to the two statutory remedies theretofore available to him.

For the foregoing reasons the judgment is reversed and cause remanded as contrary to law for further proceedings according to law.

LEVINE and McGILL, JJ, concur in the judgment.