*305
 
 Matthias, J.
 

 The only question in this case is whether, under the facts presented by the record, an employer who has not complied with the Workmen’s Compensation Law may invoke a provision of that law to defeat the claim for damages for the breach of a contract entered into with his injured employee to compensate him for the injuries sustained by him in the service of such employer. In this case, the employer’s defense is that the agreement of the plaintiff to waive his rights to compensation under the Workmen’s Compensation Act is made invalid by the provisions of Section 1465-94, General Code. The pertinent portion of that section is as follows: “No agreement by an employe to waive his rights to compensation under this act shall be valid * * *. No agreement by an employe to pay any portion of the' premium paid by his employer into the state insurance fund shall be valid, and any employer who deducts any portion of such premium from the wages or salary of any employe entitled to the benefits of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than one hundred dollars for each such offense.”
 

 The probable purpose of this provision of the Workmen’s Compensation Act was to prevent the avoidance or evasion of liability or responsibility thereunder by employers, or the shifting of the burden thereof to the employee. Employers were precluded by this statutory provision from coercing prospective employees to enter into a contract which, as a condition of their employment, relieved the employer from liability under the Workmen’s Compensation Act. The compensation act was made compulsory, and it frequently has been held that it should be liberally construed in favor of injured employees. The rights of the employee thereunder are clear and explicit. In this situation where the employer had not complied with the Workmen’s Compensation Act, the injured
 
 *306
 
 employee is authorized to make an application to the commission, just as he would had his employer complied with the act and, upon an award being made, it becomes the duty of the Attorney General of the state to enforce payment of such award by the non-complying employer. Such injured employee could thus proceed, or he could exercise his option to bring an action for damages, in which suit the ■ non-complying employer would be deprived of his common law defenses. Presumably the only reason this plaintiff did not prosecute his claim in one or the other of the methods open to him was that the employer, recognizing the existence of the claim and the employee’s right of action thereon, desired to provide for the employee the compensation and satisfaction to which he would have been entitled by order of the Industrial Commission. Under the . provisions of Section 1465-73, General Code, the employer is expressly precluded from any benefits of the act during any period of his non-compliance with its provisions. If an employer is precluded from such benefits during a period of such noncompliance, it is doubtful if an employer who has never complied and has never brought himself within the benefits and requirements of the act is in position to invoke any provision of that act in his own defense against the claim of his employee injured in his service. Had the employer complied with the law and brought himself within the act, his employee would have been entitled t'o its benefits, and the employer would have been relieved of its requirements other than payment of premiums. He now seeks to invoke the provisions of a law with which he failed to comply to defeat the claim of his injured employee, whose claim for compensation he had recognized as valid and just.
 

 It is significant that this contract was complied with and the payments made thereunder until the statute of limitations would preclude action under the com
 
 *307
 
 pensation act by the injured employee. Courts will not manifest very great diligence to aid in the evasion of duty and responsibility under circumstances such as presented by the admitted facts in this case.
 

 This law exists by reason of the constitutional provision authorizing the same “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment”. It is further provided by Section 35, Article II of the Constitution, that ‘ ‘ Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to' respond in damages at common law or by statute for such death, injuries or occupational disease.”
 

 No statute enacted pursuant to this constitutional provision will be so construed as to either revoke or modify any of the rights conferred or benefits granted by this constitutional provision. A careful examination of the claim made by the employee in this case discloses that the alleged agreement of the employer was not in fact based upon a waiver by the employee of any right to receive compensation as provided by statute; but that, on the contrary, it expressly provides for the payment of that compensation, and there was a waiver only of his right of action for damages. No law invalidates such settlement. This court held in the case of
 
 Industrial Commission
 
 v. Broskey, 128 Ohio St., 372, 191 N. E., 456, that “Additional workmen’s compensation will not be awarded a claimant who after receiving an award, sued his contributing employer for damages for the identical personal injuries for which he claims further compensation, and by way of settlement of that suit received a substantial supa which he acknowledged to be satisfactory and
 
 *308
 
 in consideration of which he executed to his employer a complete release against all past, present and future claims.” However, as we have seen under this contract sued upon here, there was in fact no waiver of “his right to compensation under this act”, for the employer agreed to pay compensation in accordance with the provisions of the Workmen’s Compensation Law. The only waiver was by the employer when he agreed to pay the statutory compensation without requiring that an application be filed with or an order be made by the Industrial Commission. The employee, having relied upon such agreement of his employer that he would do what the law required him to do, did not file his claim with the Industrial Commission or institute an action for damages. Instead of waiving his rights under the Workmen’s Compensation Law, he is insisting that they be recognized, respected and enforced.
 

 The trial court was in error in directing a verdict, and the Court of Appeals very properly reversed that judgment and remanded the case for further proceeding. Its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.