At this time it is unnecessary to consider the involved history of the relator's claim. The one question now requiring the attention of this court is the effect of the instrument referred to as Exhibit A which is attacked by the relator's demurrer to the respondent's third and fourth defenses.
The relator relies upon Section 1465-94, General Code, which contains the following language:
"No agreement by an employee to waive his rights to compensation under this act shall be valid, except that an employee who is blind may waive the compensation that may become due him for injury or disability in cases where such injury or disability may be directly caused by or due to his blindness. The Industrial Commission of Ohio may adopt and enforce rules governing the employment of such persons and the inspection of their places of employment. No agreement by an employee to pay any portion of the premium paid by his employer into the State Insurance Fund shall be valid, and any employer who deducts any portion of such premium from the wages or salary of any employee entitled to the benefits of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than one hundred dollars for each such offense."
The relator contends that Exhibit A is an agreement to waive his rights to compensation, and is therefore invalid under the prohibition of the foregoing statute.
With reference to this contention the respondent insists *Page 136 
that the question of the statutory validity of Exhibit A is not reached because "the allegations of the answer aver facts from which it must be inferred that the right to proceed remaining to plaintiff at the time he made his agreement, if any such right at all then remained, was so nebulous, so doubtful even of its very existence, that the claimant, in good faith and in reliance upon the advice of his attorney, could make a valid contract to sell that microscopic right of doubtful existence." However, it is sufficient to observe that the relator's demurrer is directed only to the third and fourth defenses, and not to the first or second. Consequently neither the first nor the second defense is before the court for consideration at this time, and no opinion is expressed with reference thereto.
The respondent does not contend that the right to pursue statutory remedies is not included within the term "rights to compensation" as employed in Section 1465-94, General Code. In its brief the respondent concedes that "a waiver by one, not otherwise barred, of all his rights to invoke any and all of the proceedings provided by the compensation act might be invalid." However, the respondent cites the cases of State, exrel. Fortner, v. Industrial Commission, 127 Ohio St. 289,188 N.E. 8, and Industrial Commission v. Broskey, 128 Ohio St. 372, 191 N.E. 456, and says "we know that this court will consider valid some waivers entered under some circumstances, of some rights under the Act." With respect to these cases it is sufficient to note that in neither was the instant question involved. In the Fortner case the employer and employee agreed upon the amount to be paid, and the Industrial Commission duly approved the settlement by awarding that amount as compensation. In the Broskey case the employee received his money in two different amounts; the first was in the form of an award by the Industrial Commission, and the other *Page 137 
was the result of a settlement approved by the Court of Common Pleas in an action pending therein.
In the case at bar the court is of the opinion that the purported waiver is violative of Section 1465-94, General Code, and therefore invalid. The demurrer to the third and fourth defenses of the respondent's amended answer is sustained.
Demurrer sustained.
MATTHIAS, DAY, ZIMMERMAN, WILLIAMS, MYERS and GORMAN, JJ., concur.