Hakt, J.
The respondent claims the Court of Appeals erred in overruling its demurrer to the petition for the reason that, since the validity of the settlement contract raised a legal question, the commission had no jurisdiction to determine that issue and was, therefore, not required to grant a rehearing.
In the opinion of this court, the commission had jurisdiction to consider the contract and find that it was valid and broad enough to bar the claim until the con *96 trary was determined. State, ex rel. Fortner, v. Industrial Commission, 126 Ohio St., 554, 186 N. E., 396, and State, ex rel. Fortner, v. Industrial Commission, 127 Ohio St., 289, 188 N. E., 8. This question, however, becomes unimportant in view of the further holding in this case.
The respondent by its demurrer raised the question of the validity of the agreement of settlement entered into between the claimant and the commission on May 22, 1939. The respondent claims that the agreement bars a claim for all disabilities to the relator including such as appeared after the date of settlement as well as those which were known at that time. On the other hand, the relator claims that if the settlement included disabilities which resulted from the original injury but which had not developed and were not taken into consideration at the time of the compromise agreement for settlement, such agreement would be invalid and unenforceable because of Section 1465-94, Greneral Code, the pertinent portion of which reads as follows:
“No agreement by an employee to waive his rights to compensation under this act shall be valid, except that an employee who is blind may waive the compensation that may become due him for injury or disability in cases where such injury or disability may be directly caused by or due to his blindness. * * *”
This statute limits the right of contract, is in derogation of the common law and therefore must be strictly construed. In express terms it inhibits a contract of waiver of rights under the "Workmen’s Compensation Act but does not, in terms, render invalid a contract of settlement for compensation under the act. The right to settle a claim or cause of action after it has accrued is incidental to and necessarily included in the right of the claimant to assert his claim or prosecute a cause of action on such claim in a court or other tribunal having jurisdiction of the same. Therefore, the statute providing that no agreement by an em *97 ployee to waive his rights to compensation under the Workmen’s Compensation Act shall he valid, applies only to an agreement made prior to the date when the claim or cause of action accrued or to an agreement of waiver or settlement consummated after such date wherein the consideration is merely nominal. Industrial Commission v. Broskey, 128 Ohio St., 372, 191 N. E., 456; Adler v. Hohn, 129 Ohio St., 303, 195 N. E., 481 (affirming Hohn v. Adler, 49 Ohio App., 381, 197 N. E., 229). Especially have such settlements been regarded as valid when approved by the Industrial Commission. State, ex rel. Fortner, v. Industrial Commission, supra.
The case at bar is to be distinguished from the case of State, ex rel. Rojc, v. Industrial Commission, 133 Ohio St., 131, 12 N. E. (2d), 411, wherein the claimant waived his claim for compensation after it had accrued but for a nominal consideration of five dollars. This could not be construed as a contract for compensation. See, also, Dotson v. Procter & Gamble Mfg. Co., 102 Kan., 248, 169 P., 1136.
The remaining question is whether the settlement covered disabilities which resulted from the original injury but which did not develop until after the date of the settlement contract. It is to be noted that the settlement comprehended a compromise of a judgment or award theretofore entered by a court of competent jurisdiction. If this judgment had resulted from a common-law action it would have been a bar to all subsequent claims for injury or disabilities arising from the same wrong or cause of action.
The generally accepted rule is that a personal injury caused by a single tortious wrongful act of negligence is an entirety, affords ground for only one action, and cannot be split up in order to bring separate actions for different elements of damages. 1 American Jurisprudence, 493, Section 111; annotations L. R. A. 1916B, 743; Sturges v. Burton, 8 Ohio St., 215; Ewing v. McNairy *98 & Clafflin, 20 Ohio St., 315; Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St., 233; Petersine v. Thomas, 28 Ohio St., 596, 599; James v. Allen County, 44 Ohio St., 226, 6 N. E., 246; City of Cincinnati v. Emerson, 57 Ohio St., 132, 48 N. E., 667; Fowle v. New Haven & Northampton Co., 112 Mass., 334; City of Ardmore v. Orr, 35 Okla., 305, 129 P., 867.
While a claim under the Workmen’s Compensation Act is a single unit though there may be several distinct disabilities arising thereunder, the rule of single recovery or award has no application. The Industrial Commission has continuing jurisdiction of claims within the ten-year period prescribed by Section 1465-86, General Code, and may modify and increase allowances for compensation whenever further disability develops or accrues. Section 1465-86, General Code; Snyder v. State Liability Board of Awards, 94 Ohio St., 342, 114 N. E., 268; State, ex rel. Griffey, v. Industrial Commission, 125 Ohio St., 27, 180 N. E., 376; Kaiser v. Industrial Commission, 136 Ohio St., 440, 26 N. E. (2d), 449. This being true, the question remains as to whether the settlement contract covered the subsequently discovered disability which accrued as a result of the amputation of relator’s left leg and thereby foreclosed the authority of the commission to modify the former order and finding based upon the injury to one leg only.
It is apparent that the parties at the time the settlement contract was made and carried out did not have in contemplation the possibility of damage to the left leg which resulted in its amputation. The contract specifically referred to the settlement and “full satisfaction of the judgment heretofore rendered by the Common Pleas Court and of all claims for compensation * * * by reason of claim No. 1388591,” which the petition discloses did not comprehend or relate to disability of the left leg. The claim, as then filed and considered, did not disclose any disability of the left *99 leg, did not demand compensation on aconnt of any such disability, and no such disability was in the mind of the parties or taken into consideration when making the settlement. Up to that time, the claim was based on partial disability (loss of one leg, Section 1465-80, General Code); while that claim as now prosecuted is based upon permanent total disability (loss of both legs, Section 1465-81, General Code), and in case the latter claim is established, the claimant, under the statute, is entitled to a different and much larger award than that allowable to him at the time of settlement.
The contract does not refer to or expressly cover subsequent accruing disabilities and, in the opinion of a majority of the court, does not constitute a release or settlement as to them. The commission therefore should consider relator’s application for a modification of the award. The demurrer to relator’s petition was properly overruled. The writ, therefore, should have been allowed.

Judgment affirmed.

Williams, Zimmerman and Bettman, JJ., concur.
Weygandt, C. J., Turner and Matthias, JJ., dissent.