Turner, J.
The question presented by the pleadings and record is whether the judgment of the Court of Common Pleas of Hocking county in the case of Avanell Campbell, Administratrix of the Estate of Harold Campbell, Deceased, Plaintiff, v. National Fireproofing Corporation, Defendant, in the sum of $1,000 for the personal injury sustained by her husband and the making of a claim for damages for wrongful death for the benefit of herself and her minor son, both of which claims were settled by order of the Probate Court of Hocking county for the sum of $1,750, constitute a bar to the participation of the widow and relator (son) in the state occupational disease fund.
During his lifetime Harold Campbell made application to the Industrial Commission for compensation *54 growing out of Ms contractMg silicosis wMle m the employ of the National Fireproofing Corporation. This ..application was disallowed, whereupon an application for rehearing of the claim was filed. Later claimant made, application to withdraw his rehearing application. Thereafter Harold Campbell brought an action in the Court of Common Pleas of Hocking county against the National Fireproofing Corporation for negligently causing him to contract the disease of silicosis. After the bringing of such action the Industrial Commission allowed Harold Campbell’s application for the withdrawal of the rehearing application. Shortly thereafter Harold Campbell died and the action in the Common Pleas Court of Hocking county was revived in the name of Avanell Campbell, administratrix. Thereafter Avanell Campbell, as administratrix, made application to the Probate Court, of Hocking county in which it was stated:
“Your applicant further represents that on behalf of the estate of Harold Campbell and on behalf of Avanell Campbell, widow of said Harold Campbell, and on behalf of Herbert Lawrence Campbell, a minor aged eight years, a son of said Harold Campbell, the sole next of kin of decedent and the only persons having a pecuniary interest in his life, she made a claim against the National Fireproofing Corporation for damages for causing the wrongful death of said Harold Campbell. Your applicant further represents that said the National Fireproofing Corporation has denied any and all liability for causing the death of said Harold Campbell but has proposed to settle all claims of the estate of said Harold Campbell, his administratrix a,nd the next of kin of the-said Harold Campbell and all other persons beneficially or pecuniarily interested in the life of the said Harold Campbell, including both said action No. 8632 in the records of the Court of Common Pleas, Hocking county, Ohio, and any other *55 cause of action which the said administratrix and said persons beneficially or pecuniarily interested m the life of said Harold Campbell may have, for the sum of seventeen hundred and fifty dollars ($1,750). Your applicant believes that it will for the best interests of said estate, said next of kin and all other persons beneficially interested or entitled, to accept said proposition in settlement.”
Thereafter the Probate Court of .Hocking county entered an order reciting the facts in connection with Harold Campbell’s employment, his action against his employer, his death, the appointment of the administratrix, the next of kin, and other pertinent facts and ordering as follows:
“It is further ordered that said administratrix, as a part of the settlement, consent and agree to the rendering of a verdict in her favor in said suit No. 8632 in the records of the Court of Common Pleas, Hocking county, Ohio, in which she is plaintiff and the National Fireproofing Corporation the defendant, in the amount of one thousand dollars ($1,000) and that said administratrix accept payment of said judgment as part of the payment of the said sum of seventeen hundred and fifty dollars ($1,750) herein provided to be paid to her.
“The court hereby consents to the acceptance by said administratrix of said sum of seventeen hundred and fifty dollars ($1,750) in full payment of all claims of said estate, said administratrix, the said heirs and next of kin of said Harold Campbell and all other persons beneficially interested or entitled.”
This journal entry was approved by three attorneys for the administratrix.
It is the contention of relator that the settlement authorized by the Probate Court contemplated the settlement of all actions against the employer on behalf of the next of kin, but did not release any possible *56 action that might accrue on behalf of Harold Campbell’s dependents under the Workmen’s Compensation Law. There is no dispute among counsel that actions for wrongful death and for personal injury do not arise out of the same right.
Relator contends that the decision in this case should be governed by the principle announced in the case of State, ex rel. Trumbull Steel Co., v. Industrial Commission, 106 Ohio St., 82, 138 N. E., 530; while respondents contend that the principle announced in the case of Industrial Commission v. Broskey, 128 Ohio St., 372, 191 N. E., 456, is controlling.
We are of the opinion that the case of State, ex rel. Trumbull Steel Co., v. Industrial Commission, supra, is not pertinent for the reason that that case was based upon Section 1465-76, General Code, which section had been repealed prior to Harold Campbell’s employment by the National Fireproofing Corporation. Furthermore, the settlement in the Trumbull Steel Company case was specifically limited “in full satisfaction of all claims and demands against said Trumbull Steel Company, by reason of the death of said decedent,” whereas in the instant case the authorization by the Probate Court to settle and the settlement covered not only the claim arising out of the death of Harold Campbell but the action originally brought by Harold Campbell in the Court of Common Pleas of Hocking county and “all claims of said estate, said administratrix, the said heirs and next of kin of said.Harold Campbell and all other persons beneficially interested or entitled. ’ ’
We are of the opinion that the facts in the instant case bring it within the doctrine of the Broskey case, supra, wherein it was held:
“Additional workmen’s compensation will not be awarded a claimant who after receiving ah award, sued his contributing employer for damages for the identi *57 cal personal injuries for which he claims further compensation, and by way of settlement of that suit received a substantial sum which he acknowledged to be satisfactory and in consideration of which he executed 10 his employer a complete release against all past, present and future claims.”
It must be borne in mind that neither Harold Campbell nor his dependents could claim compensation from both the employer and the state occupational disease fund. Harold Campbell and his dependents elected to look to the employer for all damages. Having done this and having been paid in full the ■ amount agreed upon and having released the employer of all claims of all kinds and no effort having been made to repudiate the settlement with the employer or to restore the fruits of the settlement, it follows that an election was made and that the dependents have no right to pursue a claim for compensation from the state occupational disease fund.
In the course of their brief counsel for relator say:
“Another significant fact is that no guardian was ever appointed for Herbert L. Campbell, a minor son, for the settlement of a claim amounting to more than $500 if the contention of the respondents is to be accepted that he received $750.”
In the first place the answer makes no claim as to the distribution of the fund arising from a settlement under the wrongful death statute. We assume that relator is referring to Section 10507-5, General Code, relative to accounting by a guardian. This section has no application in view of the record in this case.
Section 10509-167, General Code, provides in part:
“An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. * * * Such personal representative, if *58 he was appointed in this state, with the consent of the court making- such appointment, may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid.”
There was no necessity for the appointment of a guardian of the minor until after the settlement had been made and distribution ordered pursuant to Section 10509-168, General Code. The record does not disclose any order of distribution by the Probate Court, but even-when made, it cannot affect our question here.
There being no duty resting upon respondents in the premises, a peremptory writ of mandamus is denied and the cause dismissed at relator’s costs.

Writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.